## OLYPHANT and others *vs.* McNAIR.

An agent, who is commissioned by his principal to purchase a certain specific amount of property, is a special agent, and can no more purchase a smaller than a larger quantity of what he is commissioned to purchase.

Thus where McN. authorized M. to purchase, for him, five hundred shares of the capital stock of a mining company, and M, purchased one hundred shares, only; *Held* that McN. was not bound to refund to M. the sum advanced.

Though there may be cases where the purchase of a smaller quantity than that ordered would be deemed valid, as an execution of the authority *pro tanto*, yet such cases can only occur where an express or implied *discretion* was committed to the agent, in the exercise of his authority,

APPEAL from a judgment ordered at the circuit, on the verdict of a jury, and from an order of the special term denying a motion for a new trial.   The plaintiffs are assignees of John M. Mackay, who, at the defendant's request, advanced $5500 in purchase of 100 shares Rockland Mining Company, for which this suit is brought.   The defendant's answer was a general denial.   Mackay testified that McNair authorized him, on July 3d, 1857, to engage a contract for 100 shares, deliverable in twelve months, at $75 per share.   He at once bought the shares, and informed McNair, who made no objection until 29th December, 1857, when he complained that Mackay had taken advantage of his ignorance of the stock. This is not denied by McNair, except by saying he had no recollection of any thing having been said about twelve months in his conversation with Mackay.   As to the authority, he denies having requested Mackay to buy the stock, but admits having told Mackay that if the stock was as good as Mackay stated, he would be willing to take 500 shares. · The judge charged the jury that there was an irreconcilable conflict of testimony, and to decide between the witnesses, regard must be had to their interests, circumstances and means. Also, that if McNair had authorized Mackay to buy 500 shares of stock and he had gone and bought only 100 shares, McNair would not be liable; to all of which the plaintiffs duly excepted.

Olyphant *v.* McNair.

The jury found a verdict for the defendant, and the plaintiffs appealed from the judgment.

*Barrett, Brinsmade & Barrett,* for the appellants.

*B. F. Mudgett,* for the respondent.

*By the Court,* CLERKE; J. If the justice before whom this cause was tried at the circuit was correct in stating to the jury, " If McNair had authorized Mackay to buy 500 shares of stock, and he had bought only 100 shares, McNair would not be liable, for Mackay would not have carried out his directions," the verdict must be sustained. If this ruling was correct, the case would have presented a conflict of evidence as to the authority to purchase 100 shares, which would be the only question for the jury, and this decision should not be disturbed.

An agent who is commissioned by his principal to purchase a certain specific amount of property, is a special agent, and can no more purchase a smaller than a larger quantity of what he is commissioned to purchase. Five hundred shares of a certain kind of stock may be of sufficient importance to a purchaser in his calculations and hopes of profit, when one hundred shares may not be sufficient to induce him to incur any risk, and may not at all answer the purpose for which he wants it. It is like the purchase of the mulberry trees, in *Davenport* v. *Buckland, (Lalor's Sup.* 75,) where the agent purchased only five hundred instead of six hundred dollars worth of trees, which his principal had ordered. There may be cases, undoubtedly, where the purchase of a smaller quantity than that ordered would be deemed valid as an execution of the authority *pro tanto.* But such cases could only be where an express or implied discretion was committed to the agent in the exercise of his authority. No such discretion could be implied in the case before us, from the language employed by McNair, if what he said to Mackay can be regarded.

at all as an authority to purchase. He plainly considered if it was worth his while at all to speculate in the stock, it was desirable for him to have five hundred and not one hundred shares.

The judgment should be affirmed with costs.

[NEW YORK GENERAL TERM, February 1, 1864. *Leonard, Clerke* and *Sutherland*, Justices.]