It is conceded that the loss occasioned by the fire must fall upon the party who, at the time, had the legal title to the cotton; and such is the well settled rule. (8 N.Y., 291.)
The contract of sale and purchase did not pass the title. When anything remains to be done by the seller to ascertain the identity, quantity or quality of the property, no title passes. (5 Den., 379; 25 N.Y., 525, and cases there cited.)
Assuming that this was a sale of a quantity of specific cotton, which I think we may do, and which is the most favorable view for the plaintiffs, yet, as the cotton was to be weighed by the vendors, to ascertain the quantity, and sampled by both parties to ascertain the quality, no title would pass until these acts were done.
The contract was for the sale of 119 bales of cotton, specifically marked at 31 1/4 cents a pound, payable in cash on delivery. The cotton was to be weighed, and samples taken and compared with the original samples before it was ready for delivery. It is claimed by the plaintiffs that seventy of the 119 bales were delivered to and accepted by the defendants, forty-two of which were burned, for which the plaintiffs recovered at the circuit; and this presents the important question in the case. The order upon the warehouse for the cotton contained a direction to re-store the cotton for the defendants. This indorsement was made by the broker's clerk, and there was some conflict in the evidence whether the defendants authorized it; but we must assume that the jury found that they did, and also that the broker, who acted for both parties, had authority to accept a delivery for the defendants.
On the fifteenth of July seventy bales of the cotton were weighed, and samples taken out, and the bales put back in *Page 554 
the warehouse; the order, with the indorsement containing the direction to re-store, having been delivered to the warehouseman. Further progress was suspended until next day for want of time, and on that night the fire occurred.
The question was presented on the trial, in various forms, that the delivery was not complete as to any part of the cotton; but the court held and ruled that if the jury found that the direction to re-store was given by the defendants, and the broker was authorized to receive a delivery of the cotton for the defendants, then, that, as a matter of law, what took place in weighing and sampling the seventy bales amounted to a delivery of that quantity. In this I think the learned judge erred. If the broker had full authority, and that authority was conferred upon Bolton, the sampler, it was an authority to receive one hundred and nineteen bales, and not seventy, or forty-two, or any other number. Neither of them had power to accept a less number, or waive the delivery of any part of the cotton purchased. (41 Barb., 446; Hill Denio, supl't, 75.) But neither of them assumed to accept, unconditionally, seventy bales of the cotton. The acceptance, as far as it went, must be construed as conditional upon the delivery of the balance. The bales weighed were pronounced satisfactory, but were received subject to the delivery of the remainder. Besides, the sampling of the seventy bales was not complete until the samples taken out were compared with the original samples, which were at the broker's office. This was the business of the broker, who passed upon the quality upon such comparison. The sampler exercised his judgment as to the quality; but the final decision, it seems, was to be made by the broker.
Until this was done, the seventy bales were not ready for delivery even, much less delivered and accepted. The direction to re-store for the defendants, on the back of the order, must be construed to mean a direction to re-store when the cotton was all delivered. It did not apply to each bale as it was weighed, and in fact there was nothing done by the warehouseman to change the storage. All that can be predicated *Page 555 
of the transaction of the fifteenth of July is, that the parties had commenced the performance of acts, as to some of the cotton, necessary to enable a delivery to be made, but had not completed them, and as to the balance of the cotton nothing had been done. I think the court should have held that there was no delivery of any part of the cotton.
But if there was a delivery of seventy bales, the action could not be sustained. The contract was entire, and the plaintiffs must prove performance to entitle them to recover. The defendants purchased one hundred and nineteen bales, to be paid for when delivered. Until the delivery of the whole quantity no action accrued to the plaintiffs.
While the destruction of the subject-matter of the contract, without fault of the plaintiffs, would relieve them from an action for damages for not performing the contract, yet it would not enable them to enforce a part performance against the defendants. (47 N.Y., 62.) The rule is well settled in this State that upon a contract for the delivery of a specified quantity of property, payment to be made on delivery, no action will lie until the whole is delivered. (13 Wend., 259; 16 id., 632; 3 id., 112; 21 N.Y., 397; 2 id., 153.)
The English rule, that a recovery may be had for the portion delivered, if retained until after the time for full performance (as held in 7 B. C., 387, and other cases), has never been adopted, but expressly repudiated by the courts of this State. (Id.) That rule rests upon no solid foundation, and in effect enables courts to alter the terms of contracts as made by parties.
The right of a vendor to demand the portion delivered in a case of the destruction of the remainder, so that full performance by the vendor is impossible, need not be considered, because in this case the plaintiffs had all the cotton claimed to have been delivered, which was not destroyed.
A vendee may accept a delivery of a part of the property, and waive the delivery of the remainder, and this may be shown by circumstances, but in this case there is not the slightest circumstance tending to establish such acceptance *Page 556 
and waiver. Both parties expected to perform the contract in full. The unfortunate accident prevented it before the title had passed from the vendors, and the misfortune is theirs.
The order granting a new trial must be affirmed, and judgment absolute ordered for the defendants.
All concur.
Order affirmed and judgment accordingly.