WARREN CHAPIN, Respondent *v.* JAMES M. FITZGERALD, Appellant.

*N. Y. Supreme Court, Second Department, General Term, May* 13, 1889.

1. *Sale. When title passes.*—In an executory sale, not until the whole quantity of goods is delivered to the vendee, and an opportunity allowed him to examine whether his order has been complied with is he under obligation to accept or refuse the goods. Not only delivery, but acceptance, is necessary to pass the title.

2. *Same. Truckman.*—In such case, the truckman is the agent of the vendor, not of the vendee.

3. *Attachment. Liability.*—The plaintiff in an attachment, at whose instance and for whose benefit, the writ is issued, and who has prompt notice of its levy and never dissents, but accepts the proceeds of the sale thereunder, ratifies the attachment and sale, and is liable for a wrongful levy and conversion.

4. *Same. Bond.*—No indemnity bond is necessary to fix the liability of the plaintiff in the execution, where he is present in person at the wrongful levy which proceeds by his procurement.

5. *Evidence.*—Evidence of other judgments recovered against the defendant in the attachment action, is properly excluded, where it appears that the property in suit has never belonged to him.

This action was brought for the conversion of a quantity of blank-books. The goods were manufactured and shipped by the George W. Cross Blank-Book Manufacturing Company to Howard Bros. The company wrote to certain cartmen, advised them of the shipment, and requested them to deliver the blank-books to Howard Bros., and on their arrival a truckman was sent to convey them to said firm. He unloaded one load on the sidewalk in front of Howard Bros. store, left it in charge of their porter, and, as he drove up with the second load, the entire quantity was attached by the sheriff at the instance of the defendant in an action against the Cross company, and subsequently sold by him under an execution issued on the judgment recovered in such attach-

ment suit, and the proceeds were paid, after deducting the costs, to the attachment plaintiff, who is the defendant in this action.   The plaintiff herein is the assignee of the parties who claim to own the goods, and recovered judgment, from which defendant appeals.

*L. T. Yale*, for respondent.

*Edward P. Wilder*, for appellant.

PRATT, J.—Appellant is in error in contending that the title to the goods had passed to Howard.   The truckman was the agent of the vendor, not of the vendee. .

To pass the title, required not only delivery, but acceptance.   No claim is made that the goods had been accepted, and the case of Kein *v.* Tupper (52 N. Y. 550), is authority to show that even as to the first load of goods the delivery was not complete.   No occasion existed for Howard & Co. to " repudiate the delivery," or to do anything about it. Not until the whole lot of goods was delivered to them, and opportunity allowed them to examine whether their order had been complied with, were Howard & Co. under obligation to accept or refuse the goods.   That time never arrived.

The evidence on which defendant was held liable for the trespass was sufficient for that purpose.

The attachment was at the instance of the defendant, and for his benefit.   He had prompt notice of what was done, and never dissented.

The attachment and sale were ratified by him when he accepted the proceeds.

If it be said that he was mistaken in the ownership, so was the sheriff.   No indemnity bond is necessary to fix the liability of the plaintiff in the execution where he is present in person at the wrongful levy which proceeds by his procurement.

. The evidence offered of judgments recovered against

Cross was properly excluded. It did not appear that the property in suit had ever belonged to Cross, but the contrary.

The judgment should be affirmed, with costs.

All concur.