ALMERINDO PORTFOLIO, Trading as PORTFOLIO & Co., Appellant, *v.* HARRY RUBIN, Respondent.

Sales — divisible contract of sale — construction and application of Personal Property Law regulating sales and contracts of sale — action to recover for four pieces of goods, two of which were accepted by buyer but two rejected as not conforming to contract — when plaintiff cannot recover.

1. Under the statute (Personal Property Law [Cons. Laws, ch. 41], § 125) where more or less of the goods has been delivered than was ordered in a contract for the sale and purchase of goods, the buyer may accept the part delivered or the part ordered and pay according to the contract price; also, where goods have been delivered which the buyer ordered mixed with goods of a different description, he may accept the goods which are in accordance with the contract and reject the rest.

2. A contract for the sale and purchase of goods is entire when the parties intend that the promise by one party is conditional upon entire performance of his part of the contract by the other party. The contract is said to be severable when the part to be performed by one party consists of several distinct and separate items, and the price to be paid by the other is apportioned to each item or is left to be implied by law, and whether a contract is entire or to be taken distributively is often a question of intent and frequently one of fact.

3. A divisible contract to sell or sale of goods means a contract to sell or a sale in which by its terms the price or portions of the

goods less than the whole is fixed or ascertainable by computation (Personal Property Law [Cons. Laws, ch. 41], § 156), and where defendant agreed to purchase four pieces of goods suitable to be manufactured into cloaks and suits but upon the delivery thereof accepted two of the pieces only and rejected the other two, as not in accordance with the order because they were shaded goods, the price of the goods accepted and the price of the goods rejected could be readily ascertained by computation, the contract of sale was divisible and defendant had the right to accept part and reject the portion which did not comply with the contract, and where, in an action brought to recover the price of the four pieces of goods defendant deposited into court the price of the goods accepted the judgment should be for the defendant. (*Ming* v. *Corbin,* 142 N. Y. 334, 340, followed.)

*Portfolio* v. *Rubin,* 196 App. Div. 316, affirmed.

(Argued May 12, 1922; decided May 31, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 11, 1921, which reversed a determination of the Appellate Term, reversing a judgment of the Municipal Court of the city of New York in favor of defendant and directing judgment in favor of plaintiff and affirmed said Municipal Court judgment.

*Louis B. Brodsky* for appellant. The contract in question was an indivisible one and the buyer was required by law either to accept all or reject all of the merchandise delivered to him. His remedy for defective merchandise was an action for damages for breach of warranty. (*Mendetz* v. *Wood,* 148 N. Y. Supp. 92; *Heidelberg* v. *Wolff Co.,* 92 N. Y. Supp. 256; *Simon* v. *Wood,* 40 N. Y. Supp. 175; *Brukenfeld* v. *Silver,* 165 N. Y. Supp. 418; *Poshkoff* v. *Lieberman's,* 167 N. Y. Supp. 291; *Beilman* v. *Goldstein,* 172 N. Y. Supp. 334; Williston on Sales, 804; *Gardner* v. *Lane,* 12 Allen, 39; *Mansfield* v. *Trigg,* 113 Mass. 350.)

*Horace G. Marks* and *Samuel Kahan* for respondent. The contract of sale was divisible. (Cons. Laws, ch.

41, §§ 154, 156.) Even if the contract was entire and indivisible, the buyer was not required to accept or reject all of the merchandise. (Cons. Laws, ch. 41, § 125, subd. 3.)

CRANE, J. This action was brought in the Municipal Court to recover the sum of $638.99, the price of four pieces of goods suitable to be manufactured into cloaks and suits. The defendant accepted two of the pieces and tendered the amount due for them, $311.91, which sum he deposited into court. The remaining two pieces he rejected as not in accordance with the order and notified the seller to that effect. It was conceded on the trial that under the contract the purchase price of the two accepted pieces was $311.91 and of the two rejected pieces $327.08. It was also stipulated that the goods sold were to be first grade regulation goods.

The plaintiff's counsel in reply to the court stated that the only issue was whether or not the goods were shaded. Shaded goods would not be suitable for cloaks and suits, neither would they be in conformity with the contract of sale. There was ample evidence that the two pieces rejected were shaded goods.

The Municipal Court decided that under section 156 of the Personal Property Law (Cons. Laws, ch. 41) the contract of sale was divisible and that the defendant could accept part and reject the portion which did not comply with the contract. He gave judgment for the defendant.

The plaintiff, insisting that the sale constituted an entire contract and that the defendant having accepted part accepted all, appealed to the Appellate Term which held with him in this view and reversed the judgment of the Municipal Court.

Upon further appeal the Appellate Division reversed the Appellate Term and reinstated the verdict of the Municipal Court in favor of the defendant. It was, however, inclined to the view of the law taken by the

Appellate Term that the Personal Property Law did not cover this case; that the contract was an entire contract, and that the defendant was obliged to accept all or none of the goods. The reversal by the Appellate Division and the affirmance of the judgment for the defendant was on the question of waiver and practice.

We are of the opinion that the judgment and rulings in favor of the defendant were correct, but not upon the ground stated by the Appellate Division, adopting rather the view that this case is covered by the Personal Property Law.

Sections 88 and 89 of that law recognize situations where the purchaser may, if he choose, accept part of the goods sold and pay for them according to the contract price. Section 88 provides for goods which have perished without the knowledge of the seller, or have so deteriorated in quality as to be substantially changed in character. In such a case the buyer may, at his option, treat the sale as transferring the property in all of the existing goods or so much thereof as has not deteriorated and as binding the buyer to pay the full agreed price if the sale were indivisible or to pay the agreed price of the goods if the sale were divisible. Section 156 defines a divisible contract as follows: " ' Divisible contract to sell or sale ' means a contract to sell or a sale in which by its terms the price for a portion or portions of the goods less than the whole is fixed or ascertainable by computation."

It is agreed by all parties to this action that by the terms of the contract the price for a portion of the goods less than the whole is ascertainable by computation. The parties have computed the purchase price for the two pieces accepted and found it to be as above stated, $311.91. Section 125 of the law applies to the delivery of a wrong quantity and reads as follows:

" 1. Where the seller delivers to the buyer a quantity of goods less than he contracted to sell, the buyer may

1922.] Opinion, per CRANE, J. [233 N. Y. 439]

reject them, but if the buyer accepts or retains the goods so delivered, knowing that the seller is not going to perform the contract in full, he must pay for them at contract rate. If, however, the buyer has used or disposed of the goods delivered before he knows that the seller is not going to perform his contract in full, the buyer shall not be liable for more than the fair value to him of the goods so received.

" 2. Where the seller delivers to the buyer a quantity of goods larger than he contracted to sell, the buyer may accept the goods included in the contract and reject the rest, or he may reject the whole. If the buyer accepts the whole of the goods so delivered he must pay for them at the contract rate.

" 3. Where the seller delivers to the buyer the goods he contracted to sell mixed with goods of a different description not included in the contract, the buyer may accept the goods which are in accordance with the contract and reject the rest, or he may reject the whole.

" 4. The provisions of this section are subject to any usage of trade, special agreement, or course of dealing between the parties."

It will be noted that by this section where more or less of the goods has been delivered than was ordered the buyer may accept the part delivered or the part ordered and pay according to the contract price. So too, where goods have been delivered which he ordered mixed with goods of a different description, he may accept the goods which are in accordance with the contract and reject the rest.

Where the Personal Property Law by the sections above quoted and referred to is so specific regarding part deliveries, it seems a needless distinction to hold that this case does not come within some of its provisions and that the common law of complete delivery is applicable. (*Kein* v. *Tupper,* 52 N. Y. 550.)

The fact is that the defendant received less in quantity

of the goods he had ordered than he had contracted to purchase. Of the first grade regular goods, he only received two pieces. The other two pieces, shaded goods, were not part of the purchase, or goods for which he had contracted. He thus received less than the quantity ordered and subdivision 1 of section 125 gave the defendant the right to accept these and pay for them according to the contract price.

We think that subdivision 3 of this section also applies to the case. The two pieces rejected by the defendant were of a different description from those purchased by him. (*Waeber* v. *Talbot,* 167 N. Y. 48.) It was stipulated by counsel at the opening of the case as above stated, that the goods purchased were supposed to be first grade regular goods and that the only issue was whether or not the two pieces rejected were shaded. That issue was tried out. The witnesses differed in their testimony as to the shading. It seems to have been conceded, also, that if the goods were shaded then they were not of the kind or description ordered by the defendant, and he was justified in rejecting them. The plaintiff's counsel stated to the court: "That is really the only issue whether they are shaded or not."

As shaded goods did not answer the description of the goods purchased, the buyer, the defendant in this case, was entitled to reject them and accept the goods which were in accordance with his contract. Much is made in the opinions below regarding the divisibility of this contract. The parties found it capable of division and agreed according to the terms of the contract upon the purchase price of the two pieces accepted. In *Ming* v. *Corbin* (142 N. Y. 334, 340) this court said:

"A contract is entire when the parties intend that the promise by one party is conditional upon entire performance of his part of the contract by the other party. The contract is said to be severable when the part to be performed by one party consists of several

distinct and separate items, and the price to be paid by the other is apportioned to each item or is left to be implied by law. (2 Parsons on Cont.; *Tipton* v. *Feitner*, 20 N. Y. 423; *Pierson* v. *Crooks*, 115 id. 554.)

" Whether a contract is entire or to be taken distributively is often a question of intention and frequently one of fact."

To the same effect *Clarke* v. *West* (137 App. Div. 23; affd., 201 N. Y. 569) and *Pierson* v. *Crooks* (115 N. Y. 539, 555).

Professor Williston in his work on Sales, under section 493, says:

" An acceptance of part is, it seems, some evidence of acceptance of the whole; that is, such acceptance tends to indicate in fact that the buyer assents to the delivery; but the circumstances may plainly show in a given case that the buyer, while accepting part, means to reject the rest. Even though the contract is entire the buyer has been allowed to take this course, and the result may be defended if the acceptance of part will diminish damages and there is nothing in the terms of the contract or in the surrounding circumstances to indicate that the seller would prefer that all the goods should be rejected rather than those which are in conformity with the contract should be accepted and the rest rejected. The right of the seller to take this course might not, however, be universally admitted."

The two cases cited by the author (*Cohen* v. *Pemberton*, 53 Conn. 221; *Holmes* v. *Gregg*, 66 N. H. 621) support his statement and, on facts similar to those in this case, apply the law as we have here attempted to state it.

The Municipal Court, having before it all the parties, their stipulations and the stated issues, came to the conclusion that the circumstances of the case and the intention of the parties made this a divisible, not an entire contract. The evidence, as it comes before us, sustains this conclusion.

We agree with the Appellate Division that the judgment of the Municipal Court was right, and affirm the judgment appealed from on the reasons here stated, with costs.

Hiscock, Ch. J., Hogan, Cardozo, Pound, McLaughlin and Andrews, JJ., concur.

Judgment affirmed.