AMALGAMATED LEATHER COMPANIES, INC., Respondent, *v.* DR. A. POSNER SHOES, INC., Appellant.

First Department, December 1, 1922.

Sales — action to recover purchase price of leather — defense that goods delivered were in part not kind selected, and that goods not selected were rejected — buyer has right to reject goods of different kind and retain goods selected — defense pleaded was sufficient.

Where a seller delivers to a buyer the goods he contracted to sell mixed with goods of a different description not included in the contract, the buyer may accept the goods which are in accordance with the contract and reject the rest, or he may reject the whole.

In an action to recover the purchase price of leather, the defendant stated a defense sufficient in law, where it alleged that it purchased certain leather from the plaintiff by sample, description and selection; that thereafter certain leather was offered by the plaintiff to the defendant, which leather the latter upon examination found was not the leather selected, ordered and purchased, but that the greater part thereof comprised leather not so selected and ordered; that the defendant immediately upon discovery thereof notified the plaintiff of the defective character and condition of the leather, and returned the leather which did not conform to the contract and paid the plaintiff for the goods retained by it which did conform to the contract, since it appears that the leather rejected was shaded and was, therefore, not of the kind or description ordered by the defendant, and, hence, the rejection was not on the ground of a difference in quality but because of a difference in kind.

APPEAL by the defendant, Dr. A. Posner Shoes, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of March, 1922, granting plaintiff's motion to strike out the separate defense alleged in the answer on the ground that said defense is insufficient in law.

*William A. Hyman* of counsel, for the appellant.

*Beekman, Menken & Griscom* [*Edward K. Hanlon* of counsel], for the respondent.

DOWLING, J.:

The complaint alleges that on September 14, 1921, the plaintiff sold and delivered to the defendant 4,921¾ square feet of light medium leather, and 37,730½ square feet of heavy medium leather,

at the agreed price of $9,810.02, of which there remains unpaid the sum of $6,080.45.

The answer denies the sale and delivery as alleged in the complaint, but admits that the defendant ordered certain goods from the plaintiff and paid for same.

The separate defense, which is involved in this appeal, then sets forth that defendant entered into an agreement to purchase certain leather from the plaintiff by sample, description and selection, which leather the said plaintiff agreed and warranted would be delivered immediately to the defendant in accord with agreement made by and between the parties thereto; that during the month of September, 1921, certain leather was offered by the plaintiff to the defendant, which leather the latter upon examination found and ascertained was not the leather selected, ordered and purchased by it, but that the greater part thereof comprised leather not selected and ordered by the defendant, and that the same was imperfect, unmarketable and wholly unfit for use; that the defendant immediately upon discovery thereof notified the plaintiff of the defective character and condition of the leather and of the plaintiff's breach of contract to send the leather specifically selected and ordered by the defendant, and that the latter returned the said goods to plaintiff and paid plaintiff for the goods retained by defendant which the latter had selected and ordered.

The plaintiff contends that the pleading in question reveals a single, indivisible contract, and that the defendant, pleading differences of quality and not of kind, was obliged to retain all of the goods or reject *in toto.*

The defendant, on the other hand, contends that it having selected the purchased goods, and the plaintiff having tendered certain goods which were not so selected, the difference is one of kind and not quality, and the defendant was, therefore, justified in rejecting so much of the tendered delivery as included goods not thus specifically selected.

In my opinion, this case comes within the rule laid down by the Court of Appeals in *Portfolio* v. *Rubin* (233 N. Y. 439). There the court had before it for consideration the effect of subdivision 3 of section 125 of the Personal Property Law (as added by Laws of 1911, chap. 571), providing as follows: " Where the seller delivers to the buyer the goods he contracted to sell mixed with goods of a different description not included in the contract, the buyer may accept the goods which are in accordance with the contract and reject the rest, or he may reject the whole."

In the opinion of Judge CRANE (at p. 444) it is said: " We think

that subdivision 3 of this section also applies to the case. The two pieces rejected by the defendant were of a different description from those purchased by him. (*Waeber* v. *Talbot,* 167 N. Y. 48.) It was stipulated by counsel at the opening of the case as above stated, that the goods purchased were supposed to be first grade regular goods and that the only issue was whether or not the two pieces rejected were shaded. That issue was tried out. The witnesses differed in their testimony as to the shading. It seems to have been conceded, also, that if the goods were shaded then they were not of the kind or description ordered by the defendant, and he was justified in rejecting them. The plaintiff's counsel stated to the court: ' That is really the only issue whether they are shaded or not.'

"As shaded goods did not answer the description of the goods purchased, the buyer, the defendant in this case, was entitled to reject them and accept the goods which were in accordance with his contract.  *  *  * "

In the case at bar the defense sets up that defendant selected certain leather to be delivered to it for which the order was given; that when delivered it was found upon inspection to be composed in greater part of leather not selected by defendant; that it retained such of the goods as it had selected and paid for them and returned the balance to plaintiff. It appears from the complaint that the price of both of the weights of leather purchased (light medium and heavy medium) was the same, viz., twenty-three cents per square foot.

Under the decision in the *Portfolio* case, it follows that as some goods not selected by it were delivered to defendant, which agreed to purchase goods so selected by it, it had the right to reject such non-selected goods and to accept the goods it had selected, as the non-selected goods did not answer the description of the goods purchased.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.