ARTHUR L. WASHBURNE and Another, Copartners, Doing Business under the Firm Name of WASHBURNE ENGINEERING COMPANY, Respondents, *v.* PROPERTY OWNERS CO-OPERATIVE ASSOCIATION OF MIDDLESEX COUNTY, INC., Appellant.

Second Department, May 16, 1924.

Contracts — action by contractor to recover damages for breach of road construction contract — defendant interposed counterclaim based on failure of plaintiffs to perform — evidence supports finding of referee in favor of plaintiffs — counterclaim properly dismissed — evidence shows that defendant directed extra work — plaintiffs are entitled to be paid reasonable value thereof and not according to price fixed in contract.

In an action by a contractor to recover damages for the breach of a road construction contract based on the refusal of the defendant to allow plaintiffs to proceed with the work, except upon condition that they accede to unreasonable conditions and changes not called for in the contract, in which the defendant interposed a counterclaim based on the plaintiffs' failure to perform, the findings of the referee in favor of the plaintiffs on their claim and against the defendant on its counterclaim are supported by the evidence.

The evidence shows that the defendant directed the plaintiffs to perform additional or extra work not contemplated by the contract and the plaintiffs are entitled to recover the reasonable value thereof, and not on the basis of the price fixed in the contract for similar work.

APPEAL by the defendant, Property Owners Co-operative Association of Middlesex County, Inc., from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Nassau on the 28th day of June, 1923, upon the report of a referee appointed to hear and determine the issues.

*Maurice Rose*, for the appellant.

*Frank R. Greene*, for the respondents.

KELLY, P. J.:

The plaintiffs sued to recover damages for alleged breach of a written contract under which plaintiffs agreed with defendant corporation to lay out and grade certain streets and parts of streets on a tract of land owned by defendant.

Examination of the record of the trial before the referee shows the issues in this dispute depending almost entirely upon questions of fact. They involved the question of plaintiffs' performance of the work called for in the contract so far as it was performed, whether plaintiff contractor abandoned the contract or whether defendant owner and his new engineer in charge of the work insisted upon unreasonable additions and changes not called for in the contract and whether he refused to allow the plaintiff to go on with the work unless he assented to such unreasonable conditions. If the owner refused to allow the contractor to proceed under these circumstances the contractor was not barred from recovering future profits under *Wharton & Co.* v. *Winch* (140 N. Y. 287), and cases there cited. The referee found for the plaintiffs upon these issues and there appears to be ample evidence justifying his finding. Between August, 1921, and January, 1922, the engineers originally in charge of the work from time to time in accordance with the contract, certified to the completion of the work in various stages, and the defendant owner paid the amount called for in these certificates, aggregating $14,507.60. Defendant changed its engineer in charge of the work three times during this period, and the last engineer objected to the original plans and grades provided for in the contract, and to the work performed under his predecessors. Whether his objections were good or bad he could not so alter the written contract between the owner and the contractor, and there was evidence that the owner refused to allow plaintiff to proceed with the additional work until he went back and did over the work which he had completed and for which he had been paid, in accordance with the new requirements. As to defendant's claim that

monuments were not placed at street intersections, as called for in the contract, there was evidence that the engineers agreed that it was best for both parties that the monuments be placed upon the completion of the work. There was no time limit in the contract. The dispute over lack of culverts presented a question whether defendant had supplied the culverts. All of these matters depended upon the evidence before the referee, who saw and heard the witnesses, and no case is presented calling for interference with his conclusions. The referee, therefore, dismissed the defendant's counterclaim for damages for non-performance. He allowed plaintiff $4,758.34 profits which he finds they would have earned had they been allowed to complete the contract, and while there was a sharp conflict on this question, defendant insisting that plaintiffs' bid was too low to bring about any profit, again this was a question of fact to be determined by the trial court and there was evidence believed by the referee to support his conclusion. The item for work done in the spring of 1922 in finishing up the highway partly completed before the winter set in is also supported by the evidence. The only item in plaintiffs' recovery which appears to be questionable is the allowance of $920.20 for grading a portion of one of the streets which was not included in the contract. The streets and portions of streets to be graded and improved were there plainly marked by a black line. This particular work was done at one end of a street not so marked. There was evidence, believed by the referee, that the president of defendant corporation directed that this work be done. The referee allowed plaintiff the contract price for grading the other streets. Plaintiff argues that the contract was ambiguous so that it might be interpreted as including this particular piece of work, or that it was modified so as to include this unmarked end of the street. But I find no ambiguity in the contract, nor is there any evidence of attempted parol modification of the written agreement, which would be of doubtful validity. There was, however, express direction by the president of defendant corporation to do the work and performance by plaintiff. If necessary, the case presented is one where the pleadings should be made to conform to the evidence. But plaintiff was not entitled to recover for this additional work the price fixed for grading and improving other streets in the contract; he was limited to the reasonable cost of such additional work. The recovery for the work done on this piece of road should be reduced to $349.75, which is the reasonable value as found by the referee, and the amount for which plaintiffs billed the defendant at the time on a cost plus ten per cent profit basis.

The judgment should be modified by reducing plaintiffs' recovery

by the sum of $570.45, to wit, the difference between $920.20, the amount awarded for work on the westerly 860 feet of Bennett boulevard at the contract rate, and $349.75, the reasonable value of the work; so that plaintiffs' recovery will be $6,144.09 instead of $6,714.54, with appropriate reduction of interest; and as so modified the judgment should be affirmed, without costs.

This court reverses the findings of fact of the referee numbered IX, X and XI on the facts, and finds instead as matter of fact:

IX. That in or about the month of September, 1921, the defendant requested plaintiffs to grade the portion of Bennett boulevard between the westerly end of the black line on said boulevard shown on the map attached to the contract and the Jamesburg boulevard, a distance of 860 feet; that pursuant to said request the plaintiffs did the work of grading said 860 feet of Bennett boulevard, and thereafter rendered a bill to defendant for $349.75, which was the reasonable value of said work, and demanded payment of said sum, which was refused, and no part thereof has been paid.

This court reverses the 3d conclusion of law of the referee on the law, and finds instead:

3d. That plaintiffs are entitled to recover for the work done on the westerly 860 feet of the Bennett boulevard described in the 9th finding of fact, the reasonable value thereof, to wit, the sum of $349.75.

RICH, JAYCOX, MANNING and YOUNG, JJ., concur.

Judgment modified in accordance with opinion, and as modified unanimously affirmed, without costs. Findings of fact and conclusion of law reversed in accordance with said opinion. Settle order on notice.