affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendants. Plaintiff was injured by an explosion which occurred when he lowered a lighted lantern into a well, and sought to recover damages from defendants on the ground that the explosion was caused by gasoline which had percolated through the ground from a leaky gasoline pump owned by defendant Standard Oil Company of New York and installed by defendant Oram.

*John C. R. Taylor* for Standard Oil Company of New York, appellant.

*Percy V. D. Gott* for Charles R. Oram, appellant.

*Elbert N. Oakes* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND, J.

---

ARTHUR L. WASHBURNE et al., Copartners under the Firm Name of WASHBURNE ENGINEERING COMPANY, Respondents, *v.* PROPERTY OWNERS CO-OPERATIVE ASSOCIATION OF MIDDLESEX COUNTY, INC., Appellant.

*Contract — action to recover for breach of contract for laying out and grading streets — defense of failure to do work according to terms of contract.*

*Washburne* v. *Property Owners' Co-op. Association, Inc.*, 209 App. Div. 365, affirmed.

(Argued May 11, 1925; decided June 2, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 16, 1924, modifying and affirming as modified a judgment in favor of plaintiffs entered upon the report of a referee. The action was to recover damages for alleged breach of a written contract under which plaintiffs agreed with defendant corporation to lay out and grade certain streets and parts of streets on a tract of land owned by defendant. The complaint

alleged that defendant had prevented performance of the contract by plaintiffs. The answer set up as a defense and counterclaim that the plaintiffs had failed to do the work in accordance with the contract and that they at no time intended to complete the contract.

*Maurice Rose* for appellant.

*Frank R. Greene* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

BARTHOLOMEW J. HOPKINS et al., Appellants, *v.* HATTIE M. HAWKINS et al., Respondents.

*Real property — easements — right of way — action to compel specific performance of alleged option to purchase.*

*Hopkins* v. *Hawkins*, 211 App. Div. 833, affirmed.

(Argued May 12, 1925; decided June 2, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 5, 1924, unanimously affirming a judgment in favor of defendants, entered upon an order of Special Term granting a motion to dismiss the complaint on the ground that it failed to state a cause of action. The complaint demanded specific performance of the following provision in a deed theretofore executed by defendants Hawkins to the plaintiff. " Said second parties are to have the first privilege and option of purchasing said five foot strip of land from said first parties, their heirs and assigns for the sum of Five hundred ($500.00) Dollars and such sale of said five foot strip shall extinguish said easement on the part of said first parties, their heirs, executors and assigns." The strip therein referred to in connection with an adjoining strip of the land conveyed to plaintiffs was used as a common driveway by the parties and as a way to property in the rear owned by the said Hawkins. Subsequently they conveyed said rear property to defendant Seeley together with the said right of way thereto and