NEW ERA HOMES CORPORATION, INC., Respondent, *v.* ENGELBERT
FORSTER et al., Appellants.

Argued May 16, 1949; decided June 3, 1949.

*Clinton M. Flint* for appellants. I. The contract is entire and the installments are not either by agreement, implication or suggestion or otherwise, payments for work already done and materials furnished, but are merely agreements to assist the contractor financially by making advancements from time to time on the contract price. II. Plaintiff's evidence that the third installment was due and unpaid merely proved that defendants had breached the contract. It furnished no evidence of the amount of plaintiff's damages. (*Wharton & Co. v. Winch,* 140 N. Y. 287; *Moore v. Taylor,* 42 Hun 45; *Jones v. City of New York,* 57 App. Div. 403; *Ryan v. Rodgers & Hagerty,* 197 App. Div. 662; *Lawrence Bros. v. Heylman,* 89 App. Div. 620.) III. Plaintiff's action being for a breach of an executory contract for work, the rule and measure of its damages is well established by authority. (*Baker Transfer Co. v. Merchant's Refrigerating & Ice Mfg. Co.,* 12 App. Div. 260; *Borup v. Von Kokeritz,* 162 App. Div. 394; *Jones v. Judd,* 4 N. Y. 411; *Wright v. Reusens,* 133 N. Y. 298; *Heine v. Meyer,* 61 N. Y. 171; *Devlin v. Mayor, Aldermen & Commonalty of City of N. Y.,* 63 N. Y. 8; *Rosen v. Equitable Paper Bag Co.,* 286 N. Y. 410; *Farm Supplies Corp. v. Goldstein,* 240 App. Div. 330; *Industrial Engineering Co. v. Republic Storage Co.,* 220 App. Div. 178; *Carlin v. City of New York,* 132 App. Div. 90.) IV. There was no evidence that plaintiff had suffered any damage.

*Charles G. Ritter* and *Howard T. Finch* for respondent. I. The contract was divisible and the measure of plaintiff's damages was the provision in the contract for the payment of an installment of $1,500. (*Ming v. Corbin,* 142 N. Y. 334; *Foshay v. Robinson,* 137 N. Y. 134; *White v. Livingston,* 69 App. Div. 361, 174 N. Y. 538; *Magliaro v. Modern Homes,* 116 N. J. L. 151.) II. Where the builder waives his right to recover for loss of profits, he is not required to prove the cost of completing the work. (*Borup v. Von Kokeritz,* 162 App. Div. 394; *Hawkins v. Burrell,* 69 App. Div. 462; *Jones v. Judd,* 4 N. Y. 411; *Rubin v. Cohen,* 129 App. Div. 395; *Ludlow v. Dole,* 62 N. Y. 617; *Higgins*

v. *Newtown & Flushing R. R. Co.*, 66 N. Y. 604; *Boyd* v. *Vale*, 84 App. Div. 414.) III. There was sufficient evidence that plaintiff had been damaged in the sum of $1,500. IV. Plaintiff was required to prove only substantial performance. (*Woodward* v. *Fuller*, 80 N. Y. 312.)

DESMOND, J. Plaintiff entered into a written agreement with defendants, to make extensive alterations to defendants' home, the reference therein to price and payment being as follows:

" All above material, and labor to erect and install same to be supplied for $3,075.00 to be paid as follows:

$ 150.00 on signing of contract,
$1,000.00 upon delivery of materials and starting of work,
$1,500.00 on completion of rough carpentry and rough plumbing,
$ 425.00 upon job being completed."

The work was commenced and partly finished, and the first two stipulated payments were made. Then, when the " rough work " was done, plaintiff asked for the third installment of $1,500 but defendants would not pay it, so plaintiff stopped work and brought suit for the whole of the balance, that is, for the two last payments of $1,500 and $425. On the trial plaintiff stipulated to reduce its demand to $1,500, its theory being that, since all the necessary " rough carpentry and rough plumbing " had been done, the time had arrived for it to collect $1,500. It offered no other proof as to its damages. Defendants conceded their default but argued at the trial, and argue here, that plaintiff was entitled not to the $1,500 third payment, but to such amount as it could establish by way of actual loss sustained from defendants' breach. In other words, defendants say the correct measure of damage was the value of the work actually done, less payments made, plus lost profits. The jury, however, by its verdict gave plaintiff its $1,500. The Appellate Division, Second Department, affirmed the judgment, and we granted defendants leave to appeal to this court.

The whole question is as to the meaning of so much of the agreement as we have quoted above. Did that language make it an entire contract, with one consideration for the doing of the whole work, and payments on account at fixed points in the progress of the job, or was the bargain a severable or divisible

one in the sense that, of the total consideration, $1,150 was to be the full and fixed payment for " delivery of materials and starting of work ", $1,500 the full and fixed payment for work done up to and including " completion of rough carpentry and rough plumbing ", and $425 for the rest. We hold that the total price of $3,075 was the single consideration for the whole of the work, and that the separately listed payments were not allocated absolutely to certain parts of the undertaking, but were scheduled part payments, mutually convenient to the builder and the owner. That conclusion, we think, is a necessary one from the very words of the writing, since the arrangement there stated was not that separate items of work be done for separate amounts of money, but that the whole alteration project, including material and labor, was " to be supplied for $3,075.00 ". There is nothing in the record to suggest that the parties had intended to group, in this contract, several separate engagements, each with its own separate consideration. They did not say, for instance, that the price for all the work up to the completion of rough carpentry and plumbing was to be $1,500. They did agree that at that point $1,500 would be due, but as a part payment on the whole price. To illustrate: it is hardly conceivable that the amount of $150, payable " on signing of contract " was a reward to plaintiff for the act of affixing its corporate name and seal.

We would, in short, be writing a new contract for these people if we broke this single promise up into separate deals; and the new contract so written by us might be, for all we know, most unjust to one or the other party.

We find no controlling New York case, but the trend of authority in this State, and elsewhere, is that such agreements express an intent that payment be conditioned and dependent upon completion of all the agreed work (*Tompkins* v. *Dudley*, 25 N. Y. 272; *Ming* v. *Corbin*, 142 N. Y. 334; *United States* v. *United States Fidelity & Guar. Co.*, 236 U. S. 512; *Integrity Flooring* v. *Zandon Corp.*, 130 N. J. L. 244; *Peist* v. *Richmond*, 97 Vt. 97; 17 C. J. S., Contracts, §§ 331–334; 1 Restatement, Contracts, § 266, illustration 4 on p. 386). We think that is the reasonable rule — after all, a householder who remodels his home is, usually, committing himself to one plan and one result, not a series of unrelated projects. The parties to a construction or

alteration contract may, of course, make it divisible and stipulate the value of each divisible part. But there is no sign that these people so intended (see *Integrity Flooring* v. *Zandon Corp., supra*). It follows that plaintiff, on defendants' default, could collect either in *quantum meruit* for what had been finished (*Heine* v. *Meyer,* 61 N. Y. 171),·or in contract for the value of what plaintiff had lost — that is, the contract price, less payments made and less the cost of completion (*Witherbee* v. *Meyer,* 155 N. Y. 446; *Washburne* v. *Property Owners Co-op. Assn.,* 209 App. Div. 365, affd. 240 N. Y. 663).

The judgments should be reversed, and a new trial granted, with costs to abide the event.

LEWIS, J. (dissenting). A contract is entire or divisible depending upon the intention of the parties to be gathered from the agreement itself and the circumstances surrounding its execution (*Portfolio* v. *Rubin,* 233 N. Y. 439, 444–445; *Ming* v. *Corbin,* 142 N. Y. 334, 341; *Pierson* v. *Crooks,* 115 N. Y. 539, 555). (See, also, 3 Williston on Contracts [Rev. ed.], §§ 860A, 862.)

The parties to the written agreement here in suit were careful to provide that the contract price was to be paid in specified installments which, after the initial payment, were in varying amounts payable upon completion of designated stages of the work. The contracting parties thus indicated their intent to be that the part to be performed by the plaintiff was to consist of several distinct and separate items and that the price to be paid by the defendants was to be apportioned accordingly to fall due when each specified stage of the work should be completed. (*Ming* v. *Corbin, supra,* p. 340.)

Concluding, as I do, that such a contract is divisible in character (see *Foshay* v. *Robinson,* 137 N. Y. 134, 137; *Tipton* v. *Feitner,* 20 N. Y. 423, 430), I would affirm the judgment.

LOUGHRAN, Ch. J., DYE, FULD and BROMLEY, JJ., concur with DESMOND, J.; LEWIS, J., dissents in opinion in which CONWAY, J., concurs.

Judgments reversed, etc.