Matthew J. Vitanza, J.
This case presented to the court an interesting question upon which decision was reserved after the hearing. The plaintiffs originally sued the defendant for the sum of $873, for return of May, 1976 rent $301 and two months’ security deposit in the sum of $572. On July 9, 1976, judgment was granted to the plaintiff by default.
Subsequently thereto the plaintiffs brought a second suit against the defendant for the sum of $844 consisting of moving expenses $258.50, storage $85 and $500 for motel rental. The plaintiffs claim that they were forced to expend *206 this additional amount because the defendant did not have their apartment finished and ready for occupancy on the agreed date.
As on the occasion of the first hearing, the defendant again defaulted in appearance. The question before the court is whether the second suit is wholly or partially barred.
There are two areas of concern herein. The first is whether the plaintiff is guilty of splitting a cause of action and the second is the jurisdictional limits of Small Claims Court of $1,000.
The plaintiffs’ damages are the results of the defendant’s breach of the plaintiffs’ right to the possession of the apartment as agreed. In my opinion the plaintiffs have only one cause of action for breach of contract. The rule is that only one cause of action may be brought for breach of contract (3 Carmody-Wait, NY Prac 2d, § 16:9). However, this rule is subject to the exception, that a second action will not be abated if the damages sued for in the second action had not matured at the commencement of the first cause of action (3 Carmody-Wait, NY Prac 2d, § 16:1).
The first suit was commenced by service of the summons on the defendant on June 28, 1976. After that date the plaintiffs incurred the removing expense of $129, $85 for storage and six weeks’ motel rental of $300, for a total of $514. This latter amount is subject to the jurisdictional amount limitation of $1,000 for a cause of action in Small Claims Court. The plaintiffs may not extend this limitation by bringing a second action for the later accrued damages.
Accordingly the award of the plaintiffs is reduced to $127, that amount being the difference between jurisdictional limitation of $1,000 and the first award of $873.