*174 OPINION OF THE COURT
Alfred D. Cooper, J.
These are four separate commercial claims actions commenced pursuant to Uniform District Court Act § 1801-A. The plaintiff, A & J Enterprise Solutions, Inc., has commenced these actions for breach of contract pursuant to a written contract agreement between the parties for services to be rendered for Business Applications Outsourcing Technologies, Inc., doing business as BAOTech. As this is an interim order resulting after a preliminary hearing conducted on September 8, 2005, the trial will be scheduled before this court.
Preliminary Hearing
At the inception of these proceedings the defendant, represented by counsel, filed a motion to dismiss the actions on the theory that the commencement of four separate actions on the same written contract has “impermissibly split a single cause of action,” i.e., pursuant to the New York “claim-splitting” doctrine which requires a plaintiff to join all installments due under a single contract at the time suit is commenced. The plaintiff, pro se, did not express to the court a knowledge or ability to properly respond to this motion practice. In the small claims part, motion practice is discouraged (Cherry v Coyne, 96 Misc 2d 215, 215 [1978]; Weiner v Tel Aviv Car & Limousine Serv., 141 Misc 2d 339 [1988]), and following local precedence in Larsen v Maffucci (NYLJ, Mar. 7, 1997, at 33, col 2 [Dist Ct, Nassau County]) this court denied the defendant’s application for motion practice in these commercial claims actions. However, the court, recognizing the unique legal issues presented in these cases, conducted a preliminary hearing at which it received in evidence a copy of the contract in question, argument on the legal issues, and a copy of the defendant’s brief for dismissal.
Preliminary Findings
After a thorough review of the subject contract, the defendant’s brief and the law, the court makes the following preliminary findings.
The subject contract in question is a three-page SVa-inch by 11-inch agreement dated January 9, 2004, which bears the signatures of the presidents of both Business Applications Outsourcing Technologies, Inc. and A & J Enterprise Solutions, Inc. The agreement is drafted on a document with the BAOTech corporation letterhead and logo. Therefore, it can reasonably be *175 presumed that the defendant drafted the written contract agreement in question.
The services contracted for under the terms of the contract agreement are: “quality computer programming services for certain applications or projects and . . . the Contractor is willing to provide such computer programming services.” The plaintiff as the primary contractor was required to provide the services of individual computer programs to clients of the defendant BAOTech. Further, the services by A & J Enterprise Solutions, Inc. were for various separate assignments which according to the terms of paragraph (b) of the agreement were characterized as “deliverable(s).” Each deliverable was subject to verification of acceptability by BAOTech and/or its client.
The commencement date of the services was designated in the agreement as January 12, 2004, with the ending date to be determined, i.e., “TBD.” Each and every deliverable contemplated by the written agreement was required to be verified for acceptance by BAOTech and/or its client. This agreement, by its express terms, created divisible time periods for compensation and each time period was to be treated separately and recorded on a separate time sheet, and was to be 15 days each. Each 15-day time sheet was to be submitted on a separate basis for its approval and payment on a separate basis. The time frames or periods contained in the four separate claims submitted by the plaintiff were: November 16 to November 30, 2004 (CC629; $2,000); December 1 to December 15, 2004 (CC628; $2,800); December 16 to December 31, 2004 (CC627; $4,000); and January 3, 2005 (CC 630; $400). The sum of these four claims totals $9,200. This latter sum is clearly in excess of the monetary jurisdiction of the small and commercial claims part(s) (UDCA 1801, 1801-A).
Issue
The defendant has moved by motion papers to dismiss the plaintiffs claims for filing separate commercial claim actions on the basis of “one may not split a single cause of action and maintain successive actions for different parts of it [a single contractual agreement].” Although the court disallowed the defendant’s formal motion to dismiss, it did entertain the defendant’s oral argument and brief on the rule against splitting a cause of action as well as the lay plaintiffs arguments opposed to dismissal. The defendant in its brief relies on the holding of Moore v Pecora (191 Misc 2d 256 [2002]; Hartley v Paul *176 Props., 88 Misc 2d 205 [1976]). The defendant also makes reference to Stoner v Culligan, Inc. (32 AD2d 170 [3d Dept 1969]; 1 NY Jur 2d, Actions § 45). The plaintiff offered no legal cites, only arguments opposed to the defendant’s motion to dismiss.
The court in an effort to frame the precise legal issue has made reference to David D. Siegel’s New York Practice § 220 (“Splitting” [3d ed, first reprint 2003]). In discussing the splitting doctrine, Professor Siegel states: “The splitting doctrine is related to the election of remedies. While the election doctrine generally deals with a claim having different theories or counts, the splitting doctrine is usually concerned with a money claim sued on in spurts instead of at one time.”
Professor Siegel further suggests that if the plaintiff has a money claim against the defendant, at a given time, and sues for only part of what is presently due, the plaintiff forfeits the rest under the splitting rule. The net result of the rule is that where a plaintiff splits an existing claim in time, he or she forfeits the part due but not joined at the time of the initial suit. (Maloney v McMillan Book Co., 52 Misc 2d 1006 [1967].) Furthermore, Professor Siegel suggests, “the splitting doctrine was designed to prevent unreasonable harassment” (Siegel, NY Prac § 220, at 347 [3d ed]). Here, the court finds, the defendant has raised the subsidiary argument, that the plaintiff, in initiating these four separate commercial claims which in aggregate exceed the monetary jurisdiction of the small claims part, has split its causes of action for the very purpose of circumventing the court’s monetary jurisdiction, and that such splitting ought to be treated in the same manner as the rule related to the “election” rule, and, therefore, the plaintiff ought to forfeit these claims in excess of the small claims monetary jurisdiction, and, consequently, this court ought to dismiss the excess claims.
The properly framed legal issue in this case is whether the commencement of multiple actions simultaneously arising out of a single written contract which in aggregate exceed the monetary jurisdiction of the small claims part ought to be treated as a splitting of a cause of action, and therefore result in a forfeiture of those claims which exceed the court’s monetary jurisdiction; or may they be maintained?
Law
It has been held that whether a written agreement creates an entire contract, with one consideration for the doing of the whole work and payment on account at a fixed point in the *177 progress of the job, or the bargain was a severable or divisible one in the sense that there was a series of unrelated projects with separate consideration, is an issue of fact to be determined from the language of the agreement. (New Era Homes Corp. v Forster, 299 NY 303, 305-306 [1949].)
“A contract is entire or divisible depending upon the intention of the parties [and that intention is] to be gathered from the agreement itself and the circumstances surrounding its execution (Portfolio v. Rubin, 233 N. Y. 439, 444-445; Ming v. Corbin, 142 N. Y. 334, 341; Pierson v. Crooks, 115 N. Y. 539, 555). (See, also, 3 Williston on Contracts [Rev. ed.], §§ 860A, 862.)” (Id. at 307 [Lewis, J., dissenting]; Rentways v O’Neill Milk & Cream Co., 282 App Div 924 [1953]; Rudman v Cowles Communications, 30 NY2d 1, 13 [1972].)
Where a plaintiff commences multiple small claims and/or commercial claims actions simultaneously arising out of separate claims which in aggregate exceed the court’s monetary jurisdiction said claims may be entertained where each claim is clearly divisible. (Salazar v American Export Lines, 114 NYS2d 370 [1952]; Westbury Wholesale Produce Co. v Maine Maid Inn, 186 Misc 2d 911 [2000].)
Analysis
Here, although the plaintiff has commenced four separate claims in the commercial claims/small claims part whose aggregate sum exceeds the monetary jurisdiction of this court, there are no diverse theories of recovery amongst the four claims nor do they constitute different counts. The claims are being made simultaneously as opposed to being brought in spurts as in the classical splitting scenario. Finally, the plaintiff is attempting to recover in these suits all sums it alleges due under its agreement with the defendant. Consequently, the court finds these suits do not fit into the concept of claim splitting as outlined by Professor Siegel (NY Prac [3d ed], supra). Therefore, there is no basis to dismiss any of these actions on the basis of the “splitting doctrine” (see, Maloney v McMillan Book Co., supra).
Whether the claims grew out of an entire contract or a divisible contract is an issue of fact to be determined by the intention of the parties which is to be gathered from the agreement itself and the circumstances surrounding its execution (New Era Homes Corp. v Forster, supra; Portfolio v Rubin, supra; Ming v *178 Corbin, supra; Pierson v Crooks, supra). In the case at bar, the contract’s language, which was prepared by the defendant and executed by the principals of both party corporations, suggests a series of unrelated assignments and projects (New Era Homes Corp. v Forster, supra). Further, the contract suggests the plaintiff would be engaged by the defendant and/or its clients in several separate engagements, each with its own separate consideration, evidenced by time sheets of 15 days each (New Era Homes Corp. v Forster, supra). Inasmuch as the parties’ contract provides that each time period is to be separately approved, each claim is clearly divisible, and is sued upon separately and simultaneously with the others. The court will treat the claims here individually for purposes of its monetary jurisdiction (see, Salazar v American Export Lines, supra; Westbury Wholesale Produce Co. v Maine Maid Inn, supra).
Conclusion
This court finds the plaintiff has not split a cause of action by filing four simultaneous claims rising out of a divisible contract, and that there is no basis for dismissal of any of the plaintiffs claims.