*278 OPINION OF THE COURT
C. Stephen Hackeling, J.
Mona Conway, an attorney and the above captioned plaintiff, commenced this small claims action seeking to recover $5,000 for independent contractor legal services rendered to the defendant law firm DeJesu Maio and Associates. The defendant counterclaimed for $5,000 asserting a legal malpractice cause of action. The trial commenced on May 1, 2014 and the defendant’s trial counsel moved for a directed verdict at the close of the plaintiff’s case asserting a subject matter jurisdictional defense in that plaintiff’s claims exceeded the $5,000 small claims limit. The court reserved decision and adjourned the trial.
The undisputed facts are that both parties are admitted attorneys and both sides have retained counsel for the purpose of trial. No pretrial discovery was undertaken as is usual in a small claims case. The plaintiffs testimony established that her breach of contract cause of action consists of a $5,341 component representing $100 per hour compensation for of-counsel services rendered in a federal court and a claim of entitlement to recover undetermined contingency fees in two New York State court personal injury actions.
The jurisdictional issue presented for disposition is whether a plaintiff can waive any recovery over $5,000 so as to fall within the $5,000 small claims jurisdictional limit?
The Law
Section 1801 of the Uniform District Court Act (hereafter UDCA) establishes a jurisdictional limit for a small claims action when it provides “[t]he term . . . ‘small claims’ . . . shall mean and include any cause of action for money only not in excess of [$5,000] exclusive of interest and costs.” (Emphasis added.)
Section 202 of the UDCA establishes the District Court’s general jurisdiction when it provides: “The court shall have jurisdiction of actions and proceedings . . . where the amount sought to he recovered . . . does not exceed $15,000.” (Emphasis added.)
It is axiomatic that small claims subject matter jurisdiction cannot be conferred on a court that lacks it, and that objection may be made at any stage of the proceeding to dismiss the action. (See Pivarnick v Pivarnick, 42 Misc 3d 1229[A], 2014 NY *279 Slip Op 50251[U] [Civ Ct, Richmond County 2014], citing Siegel, NY Prac § 8 [5th ed 2011].) It is the plaintiffs contention that she can confer small claims jurisdiction upon herself by simply waiving the $341 overage due upon her hourly rate claim along with her right to recover upon her contingency claims.
It is noted that it is a common occurrence in this court to obtain District Court subject matter jurisdiction by waiving damages to bring the claim within the court’s $15,000 monetary jurisdiction. (See generally Teachers Fed. Credit Union v Leal, NYLJ 1202654297616 [Nassau Dist Ct, Apr. 28, 2014].) While the waiver mechanism is allowable under section 202, it is inappropriate and not authorized under section 1801. Section 202 establishes jurisdiction with the words “where the amount sought to be recovered.” Section 1801 establishes jurisdiction with the words “shall mean and include any cause of action.”
It is clear that the legislature envisioned and authorized plaintiffs to obtain District Court jurisdiction by simply reducing “the amount sought to be recovered.” As this language is omitted from section 1801 the court must infer that this waiver doctrine does not apply to small claims cases. (See McKinney’s Cons Laws of NY, Book 1, Statutes §§ 236, 240.) In its stead the words “cause of action” are substituted into section 1801. As a matter of statutory construction, when the legislature uses different terms in various parts of the statute, it is assumed that a distinction is intended. (Doyle v Gordon, 158 NYS2d 248 [Sup Ct, NY County 1954].) The court also notes that “causes of action” may not be “split” to obtain small claims jurisdiction. (See A & J Enter. Solutions, Inc. v Business Applications Outsourcing Tech., Inc., 11 Misc 3d 173 [Nassau Dist Ct 2005].) As such it is logical to conclude that a “cause of action” must be valued “as a whole” in determining whether it is appropriate for small claims jurisdiction.
In the present case, the plaintiff presents a single breach of contract cause of action. Said cause of action is valued somewhere between $5,341 and infinity. Absent the ability to apply a waiver mechanism, the cause of action clearly exceeds $5,000 and must be dismissed without prejudice. For the same reasons the defendant’s undelineated malpractice counterclaim must be dismissed without prejudice.