(29 Misc. Rep. 640.)

## BIRNHAK v. HOLLENDER.

(Supreme Court, Appellate Term. November 29, 1899.)

BREACH OF CONTRACT—MEASURE OF DAMAGES.

Where one agrees with another to furnish material and do work for a specific sum, and after part performance of his contract is prevented by the other from completing it, his measure of damages is the difference between the contract price and the amount which it would have cost to perform the contract.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Max Birnhak against Henry Hollender. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN, and LEVENTRITT, JJ.

Jacob Rieger, for appellant.

Edward J. Kenney, Jr., for respondent.

MacLEAN, J. Testimony was given at the trial of this action tending to establish that the plaintiff undertook with the defendant to furnish certain material, and, by himself and others, to do certain work, for the sum of $60, and that, after part performance, he was prevented by the defendant from completing his undertaking. Thereupon he was awarded a judgment for the full sum of $60. This was contrary to law; for, according to the well-settled rule respecting the measure of damages in an action for a violation of an executory agreement, the party who has been wrongfully deprived of the gains and profits may recover as an equivalent, and by way of damages, only the difference between the contract price, the amount which he would have earned and been entitled to recover on performance, and the amount which it would have cost him to perform the contract. Devlin v. Mayor, etc., 63 N. Y. 8; Masterton v. Mayor, etc., 7 Hill, 61. The judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.