Upon the evidence tendered in chief by the claimants no legal award could have been made. To such evidence strenuous objection was unavailingly made by the learned corporation counsel, and the city is amply protected by exceptions. Dilleber v. Home Life Ins. Co., 69 N. Y. 256, 260, 25 Am. Rep. 182; Church v. Howard, 79 N. Y. 415. By ineffectually trying, through cross-examination and by calling a builder, to make a case under the rulings of the commissioners, the city is not prejudiced. Douglas v. N. Y. El. R., 14 App. Div. 471, 43 N. Y. Supp. 847.

Confirmation of the report is denied, and the matter will be referred to new commissioners.

---

## LOSSING v. CUSHMAN.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

1. EVIDENCE—WRITTEN CONTRACT—CONSTRUCTION.

Where a contract for the construction of an addition to a building contained a clause, "new part to have cellar with no less than seven feet head room," parol evidence was admissible to show that, in the negotiations prior to the making of the contract, defendant stated that he only wanted a cellar 8 by 12 feet in size, and that plaintiff then marked on one corner of the plan a rectangular block with the figures "8 x 12," to explain the meaning of the contract as understood by the parties at the time it was made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2104–2108.]

2. CONTRACTS—BUILDING CONTRACTS—EXTRA WORK—DELAY.

Where a contract for the construction of an addition to a building only provided for a cellar 8 by 12 feet, and defendant thereafter required a much larger cellar to be excavated under the entire addition, which plaintiff was required to excavate out of solid rock, and this extra work necessarily delayed the completion of the contract beyond the specified term, defendant was not entitled to insist on completion of the contract on the date specified.

3. SAME—RESCISSION.

Where plaintiff, having contracted to erect a building, was wrongfully discharged before completion, he was entitled to regard the contract as rescinded, and to recover the value of the work done and materials furnished, less the amount he had received.

Appeal from Judgment on Report of Referee.

Action by Thomas L. Lossing against Joseph W. Cushman. From a judgment for plaintiff, defendant appeals. Affirmed.

The following is the opinion of Joseph Morschauser, referee:

The plaintiff in this action seeks to recover for work and labor performed and for materials furnished in the erection of a tenement house and an addition made to another house adjoining land belonging to the defendant, known as the "Normile Farm," in the town of Bedford, Westchester county, N. Y. Some payments had been made to him by the defendant, and a balance of about $2,000 was claimed to be due. The answer makes a general denial of the complaint, and alleges, by way of a counterclaim, that in the early part of July, 1905, the parties entered into a contract, in writing, by which the plaintiff agreed to furnish, procure, and provide all work and material necessary and proper in and towards and about the buildings to be erected on the lot known as the "Normile Farm," in the town of Bedford, according to certain plans, drawings, and specifications mentioned in the contract, under the super-

vision and to the satisfaction of the owner, for the sum of $3,525; that this contract required that the buildings should be completed not later than September 1, 1905; that they should be constructed in a good, substantial, and workmanlike manner; and that time should be regarded as the essence of the contract. It was further alleged that the contract provided in case plaintiff should fail or refuse to perform the stipulations of the contract on his part, and should fail to complete the building at the time agreed upon, the owner should be at liberty, after three days' notice, to terminate the employment of the contractor, take possession of the premises, and complete the buildings at the expense of the contractor. The answer then sets forth the failure of the plaintiff to complete the buildings and the giving of the notice provided for, the discharge of the plaintiff, the taking possession by the defendant, and the completion of the building, at a cost largely in excess of the unpaid part of the contract price. The plaintiff in reply admits the making of the contract, but alleges, by way of defense to the counterclaim, that defendant directed many changes in the work to be done under the contract, and hindered and delayed plaintiff in the performance of the work, and prevented him from completing the building at the time provided for in the contract. He also says that defendant refused to allow him to go on and complete the work; that he took possession of the tools and materials which plaintiff had provided for the performance of the contract, though plaintiff was ready and willing at all times to proceed and complete the performance of the contract on his part.

The making of this contract, the failure to perform it on the part of the plaintiff, and the discharge by the defendant are facts conceded or not controverted. The vital question is: Was the plaintiff rightfully discharged? If he was, he cannot recover in this action, and the defendant would be entitled to recover upon his counterclaim the necessary cost to him of completing the buildings according to the plans and specifications, less the sum unpaid on the contract. The determination of this question depends upon some minor facts which are not disputed and upon some other more important ones, as to which there is a sharp conflict in the testimony. It is conceded that defendant made some small changes in the plans and required some extra work to be done, which would naturally make additional work, and which might require an extension of the time for the completion of the job. The principal change which the plaintiff claims to have been made, and which necessarily delayed the work a long time, was the excavation for a cellar under the whole of the extension of the new house, and which had to be made in a solid rock. If the making of this excavation was not required by his contract, a delay in the work was necessarily caused thereby, and the failure to complete the job by September 1st did not authorize the defendant to terminate the contract, and exclude the plaintiff from the premises. It is claimed by defendant that the clause in the specification, "new part to have cellar with no less than seven feet head room," required an excavation under the whole structure, and, if there had been no evidence bearing upon that question, I should be disposed to agree with defendant's contention as to this. But the plaintiff claimed that in the negotiations which preceded the making of the written contract, and when he was taking defendant's statements upon which he was to make his estimate of the cost and fix the price for doing the entire job, the defendant said that he only wanted a cellar 8 by 12 feet in size, and plaintiff then marked upon one corner of the plan a rectangular block with the figures "8 x 12." The right to introduce this evidence of what was said before the written contract was made, and to have the contract construed accordingly, I think is justified by a long line of judicial decisions. (1) If the language is ambiguous or uncertain, and the word "cellar" as used has a technical meaning so as to be understood in a different way by some people, then parol evidence may be resorted to to explain the meaning and to show how it was understood by the contracting parties. In Collender v. Dinsmore, 55 N. Y. 200, 210, 14 Am. Rep. 224, the court says: "It is true that as a contract or agreement the prior verbal negotiations and parol undertaking were merged in the written contract; but there are cases holding in effect that the prior negotiations and conversations of the parties can be given in evidence, where there

is an ambiguity, to show in what sense particular words and phrases were used by the parties in making the contract." Dana v. Fiedler, 12 N. Y. 40, 62 Am. Dec. 130; Moore v. Meacham, 10 N. Y. 207. The defendant claimed on the trial that the word "cellar," as used in the specifications, had a technical meaning in the building trade, or among builders and architects, and he introduced evidence to that effect and sought to show that it meant an excavation under the whole structure. Defendant did not satisfy me of this by the proof. (2) Evidence of their prior negotiations and conversations are also admissible for the purpose of showing what the parties meant by the language in the contract. In Henry v. Agostini, 12 Misc. Rep. 15, 33 N. Y. Supp. 37, where the written contract was to furnish frames and sashes for "windows" in defendant's buildings, parol evidence was held to be admissible to show that only exterior, and not interior, windows were intended. Austin v. Southworth, 13 Misc. Rep. 45, 34 N. Y. Supp. 88; LaChicotte v. Richmond R. & Elevated Co., 15 App. Div. 380, 44 N. Y. Supp. 75; Chase v. Senn (Com. Pl.) 13 N. Y. Supp. 266. The evidence upon the question as to whether the conversation testified to by the plaintiff in relation to the cellar was had is denied by defendant; but the witness Mellius, who was at one time plaintiff's foreman, but is not now in his employ, corroborates him. He testifies that he was present and heard the conversation, and states it substantially as given by the plaintiff, thus sustains his contention, and I feel bound to find that the defendant did tell the plaintiff when he was asking for an estimate of the cost of the building that he wanted a cellar only 8 by 12 feet, and plaintiff made his estimate accordingly. The defendant having required this additional work to be done, and other changes made, he thereby delayed the completion of the job for a considerable time. The excavation was in a solid rock, and the evidence is that it required about one month or more to excavate it. The delays thus caused by the acts of the defendant in the making of changes and the doing of extra work deprived him of the right to insist upon full performance on the 1st of September, and the failure of the plaintiff to have the work completed on that day did not justify the defendant to arbitrarily discharge him and in taking possession of the premises, and refusing to allow plaintiff to continue the work.

As plaintiff was wrongfully discharged, he had a right to regard the contract as rescinded, and is entitled to recover the value of the work done and of the materials furnished, less the amount paid to him. The proof of the part of the plaintiff is that this amount is $3,338. The defendant offered no proof on the subject. The plaintiff was paid $1,860, and the balance due him is $1,478. The decision that the discharge of the plaintiff was wrongful, disposes of the defendant's counterclaim, and it is perhaps needless to say anything in regard to it, although much might be said in criticism of this, considering the amount expended by defendant to complete building. Nothing can be allowed thereon.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICE, and MILLER, JJ.

Charles T. Haines, for appellant.
George Card (Walter Farrington, of counsel), for appellee.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Joseph Morschauser, Esq., referee.

HIRSCHBERG, P. J., not voting.