## THACKE v. HERNSHEIM.

(Supreme Court, Appellate Term. March 5, 1909.)

1. CONTRACTS (§ 319*)—FAILURE TO COMPLETE—RECOVERY FOR WORK DONE.

The general rule is that, where one who hires a contractor prevents him from completing his contract, he may recover for the work already done according to contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1499, 1500; Dec. Dig. § 319.*]

2. DAMAGES (§ 124*) — MEASURE — BREACH OF CONTRACT—PREVENTION OF COMPLETION.

The general rule is that a contractor, prevented from completing his contract, and entitled to recover for work already done according to contract, may recover the full contract price, less the cost of completing the same.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 335, 336; Dec. Dig. § 124.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. JOINT ADVENTURES (§ 7*)—RIGHTS OF PARTIES AS TO THIRD PERSONS—AGENCY OF ONE FOR THE OTHER.

 Either of two joint contractors is the agent of the other in the prosecution of a common enterprise.

 [Ed. Note.—For other cases, see Joint Adventures, Cent. Dig. § 8; Dec. Dig. § 7.*]

4. JOINT ADVENTURES (§ 8*) — ACTION FOR PRICE OF WORK — PAYMENT TO PARTNER AS DEFENSE.

 Where one contracts to do work and sues for the price, defendant may prove that he paid defendant's partner in the undertaking; and so, where one of two partners sues for work done on a contract, which he was not allowed by defendant to complete, payment to plaintiff's partner released defendant from liability to the extent of the amount due on the contract up to the time of plaintiff's dismissal.

 [Ed. Note.—For other cases, see Joint Adventures, Dec. Dig. § 8.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by John C. Thacke against Louis Hernsheim. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Hansen & Zinsser, for appellant.
Seymour Mork, for respondent.

GILDERSLEEVE, P. J. This action was brought by the plaintiff against the defendant for damages for the breach of two contracts. One of said contracts is for work, labor, and services to be performed by the plaintiff and one Carl Gierth in doing certain iron work for the defendant for the sum of $360, which contract is in writing. The other contract is an oral one, and was made between the plaintiff and the defendant for iron work at the contract price of $60. Plaintiff performed a certain amount of work under the written contract, and also $10 worth of work under the oral contract, but was prevented by defendant from completing either contract, although he claims he was ready and willing to complete both.

The court, by its decision in plaintiff's favor, presumably found that the plaintiff had been unreasonably prevented by defendant from completing the two contracts, and he had not actually or substantially completed either. The written contract was completed by said Gierth, after plaintiff had so ceased work under said contract, and said Gierth has been paid the contract price of $360. Plaintiff claims, however, that the value of the work done by him under the written contract, up to the time he was stopped by defendant, was $175, and that he would have earned $75 more if he had completed the contract; but he apparently concedes that only $10 are owing on the oral contract. He has been paid $40, either by defendant or Gierth, and he claims a balance of $220, which sum the court allowed him. The general rule is that, where a contractor has been prevented by his hirer from completing his contract, he may recover for the work already done according to the contract (Lossing v. Cushman, 123 App. Div. 693, 108 N. Y.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Supp. 368), and may recover, further, the full contract price, less the cost of completing the same (Birnhak v. Hollender, 29 Misc. Rep. 640, 61 N. Y. Supp. 118).

Upon the trial the defendant contested the plaintiff's claim upon the grounds: (1) That both contracts, the written as well as the oral, were entire contracts, and therefore the plaintiff had to perform the work before he was entitled to anything, and that the plaintiff's own testimony showed that he did not perform either of the contracts; (2) that the defendant was justified in ordering the plaintiff to cease work, because he did not provide a sufficient number of men to do the work as the contract required him to do it, and because the work was improperly done, and the defects not remedied by the plaintiff; (3) that as to the larger contract, the work was completed, after the plaintiff's abandonment, by his associate or partner in this venture, Carl Gierth, and that payment to said Carl Gierth was a payment to the plaintiff; (4) that plaintiff was not damaged, inasmuch as there was no profit in the contracts, and that he had been paid for the work he had actually performed. At the close of the plaintiff's case the defendant moved to dismiss the complaint on the grounds above stated, which motion was denied, and an exception duly taken. At the close of the case the defendant renewed his motion to dismiss on said grounds, and said motion was again denied, and an exception taken.

As we have seen, the contract under which the plaintiff claims $210 of the $220 for which he sues was a joint venture between plaintiff and Gierth, and was completed according to its terms by the plaintiff's partner in the venture, Carl Gierth, who was paid the balance of the contract price. Payment to Gierth was payment to the plaintiff, Thacke, at least to the extent of the $175 claimed to be due up to the time of plaintiff's dismissal, and the defendant is released from liability to the plaintiff at least to that amount. It was not incumbent upon the defendant to determine how much was due to each of the co-contractors, who were partners inter sese, and payment to one was payment to the other. As to the defendant, either of the joint contractors was the agent of the other in the prosecution of the common enterprise. Stroher v. Elting, 97 N. Y. 102, 49 Am. Rep. 515; Leggett v. Hyde, 58 N. Y. 272, 17 Am. Rep. 244. It is a common rule that where one contracts to do work, and sues for the price thereof, the defendant may prove that the plaintiff had a partner in the undertaking and that he has paid that partner. 2 Parsons on Contracts (9th Ed.) p. 765, and cases there cited. The defendant, by his payments to Gierth, has released himself from liability to at least the extent of the amount due on the written contract up to the time of plaintiff's dismissal.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.