■ APEX INDUSTRIAL CONSTRUCTION CORP., Appellant, v. VILLAGE OF LAKE GEORGE, Respondent, and GLENS FALLS INSURANCE COMPANY, Appellant.— *Per Curiam.*— Appeal by plaintiff from a judgment of the Supreme Court.

entered upon a decision after a trial without a jury, which dismissed the complaint in an action to recover for alleged breach of contract and awarded damages to defendant village upon its counterclaim. The complaint alleges that on March 12, 1964, plaintiff entered into a contract with defendant village for the construction of a firehouse and village office; that it commenced work on that day and progressed the work until April 15, 1964, " at which time it was denied a site for the performance of any further work by reason of the fault, neglect and wrongful conduct on the part of the defendant, as a result of which it ultimately terminated the contract on September 16, 1964 and removed its forces and equipment from the contract site." The alleged denial of a clear site for the performance of the work occurred, in plaintiff's view of the evidence, when a local plumbers' union, in protest against the village's award of the plumbing contract for the improvement to a nonunion employer, placed on the premises a picket with a placard stating that the village was unfair to the plumbers' union, and plaintiff's employees, members of a construction workers' union, refused to cross the picket line. The asserted failure of the village to furnish a clear site is alleged to have constituted a breach of the village's contract, whereby plaintiff sustained damages. If the effect of the picketing was, in fact, to exclude plaintiff from the work site, that result cannot, in our view, be charged to any act or omission on the part of the village, such as would constitute a breach on its part. Rather, the act was that of a third party unrelated to the village and one over whom the village had no control. We find no sound basis for appellants' contentions that the village should not have awarded the plumbing and electrical contracts to nonunion employers or that, having done so, the village should have abrogated them. Neither procedure could have been lawfully pursued, the particular contractor having been, in each case, " the lowest responsible bidder " (General Municipal Law, § 103, subd. 1) and having met the other statutory qualifications entitling it to be awarded the contract for its specialty. (See *Matter of Long Is. Signal Corp.* v. *County of Nassau,* 51 Misc 2d 320.) It follows that plaintiff's abandonment of the job constituted a breach of the contract on its part, for which defendant village was properly awarded damages upon its counterclaim. We have considered appellants' additional contentions and find them insubstantial. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam.*