■ JOHN ALM, Appellant-Respondent, v UNIFIED CHURCH STRUCTURES, INC., Respondent-Appellant, et al., Defendant.—Judgment unanimously reversed, without costs, and a new trial granted in accordance with the following memorandum: Plaintiff (Alm), an individual subcontractor, sued defendants Unified Church Structures, Inc. (Structures), the general contractor, and Christian and Missionary Alliance of Jamestown (Alliance), the owner, for $4,838.73 in damages, alleging, *inter alia,* breach of the express contract between plaintiff and Structures whereby plaintiff, for a set price of $13,500, agreed to do excavating, rough grading, concrete and brick work, *etc.,* on a building being erected on Alliance's land. At trial, plaintiff, the sole witness, testified that he had completed approximately two thirds of the work required under the contract, and furnished detailed testimony supporting his $5,000 estimate of the cost of completing the job. He stated that he had provided "extras" at the request of both the owner and the general contractor, valued at $765; that he had been asked to leave the job before he had completed it so that another subcontractor could perform necessary work, and had been told that he would be notified when to return to the job site; and that the job had been taken from him without notice and given to another contractor. Defendant Structures asserted a counterclaim against the plaintiff, alleging that plaintiff had breached the written agreement, and seeking $2,568.39 damages for the cost of completion over the contract price. But there was no proof that plaintiff's performance was in any way deficient. Moreover, in an account offered as an exhibit by defendants, it was admitted that the amount of $656.25 was owed to the plaintiff. The trial court ordered that plaintiff's testimony regarding the "extras" be stricken as precluded by the complaint and bill of particulars. At the close of plaintiff's case, the court granted defendants' motion to dismiss the complaint with the proviso that plaintiff be entitled to judgment in the amount of $656.25. The defendant, Structures, thereupon, with the court's permission, withdrew its counterclaim against the plaintiff. The trial court appears to have interpreted the complaint as alleging only a cause of action for *quantum meruit.* It found that "The plaintiff [had] failed to produce evidence sufficient to establish his claim against the defendants as alleged in his Complaint" apparently because the plaintiff was unable to supply satisfactory proof as to details of the hours spent on the job, materials provided or services rendered. It made no finding of whether plaintiff or defendant Structures had breached the contract. The judgment should be reversed and a new trial ordered. The court erred in dismissing plaintiff's complaint where the complaint clearly set forth a cause of action for breach of express contract, and where there was proof of the existence of the written agreement between the plaintiff and defendant Structures, plaintiff's performance under the agreement, the breach thereof by defendant Structures and no proof of plaintiff's default. The plaintiff's testimony would have supported a recovery under the general rule in an action for breach of a construction

contract for a fixed price, that where the plaintiff is not in default and full performance of the contract is prevented by the defendant the measure of damage is: "the total price promised less the cost of * * * completing performance" (11 Williston, Contracts, [3d ed], § 1363, p 342; see 13 NY Jur, Damages § 40; *Long Is. Contr. & Supply Co. v City of New York,* 204 NY 73, 81–82; *Devlin v Mayor of New York,* 63 NY 8; *Dillon v Anderson,* 43 NY 231; *Peru Assoc. v State of New York,* 70 Misc 2d 775, 777, affd 39 AD2d 1018; *Birnhak v Hollender,* 29 Misc 640). Alm testified that he had completed two thirds of the $13,500 job at a reasonable price of $8,000; that the cost of completing the job would entail "around three thousand dollars of brick work and stone work and . . two thousand dollars worth of concrete"; that he had been paid $4,000 under the contract; and that, with the cost of "extras", he was owed approximately $4,800 "and some" dollars. A new trial is therefore required for a determination after hearing plaintiff's and defendant's proof, whether plaintiff or defendant Structures was in default under the contract, and for an assessment of the damages, if any, to be awarded to plaintiff or defendant. The defendant Structures should be relieved of its withdrawal of the counterclaim, and its counterclaim should be reinstated. Further, on the new trial, proof should be allowed as to plaintiff's costs for the "extras" provided. Such proof was within the pleadings and the trial court committed error in excluding it. (Appeal from judgment of Chautauqua Supreme Court—construction contract.) Present— Moule, J. P., Simons, Dillon, Hancock, Jr., and Denman, JJ.