■ FARRELL HEATING, PLUMBING, AIR CONDITIONING CONTRACTORS, INC., Appellant-Respondent, v FACILITIES DEVELOPMENT AND IMPROVEMENT CORPORATION, Formerly Known as HEALTH AND MENTAL HYGIENE FACILITIES IMPROVEMENT CORPORATION, Respondent-Appellant. (Action No. 1.) FACILITIES DEVELOPMENT CORPORATION, Appellant, v CONTINENTAL INSURANCE COMPANY, Respondent. (Action No. 2.)—Cross appeals in Action No. 1 from an order and judgment of the Supreme Court in favor of plaintiff, entered October 28, 1977 in Albany County, upon a decision of the court at a Trial Term, without a jury. Appeal in Action No. 2 from an order of the Supreme Court, entered September 26, 1977 in Albany County, upon a decision of the court at a Trial Term, without a jury, which dismissed the complaint on the merits. On May 23, 1973 Facilities Development and Improvement Corporation (hereinafter Facilities), a corporate governmental agency of the State of New York, entered into a written agreement with Farrell Heating, Plumbing, Air Conditioning Contractors, Inc. (hereinafter Farrell), a domestic corporation, whereby Farrell contracted to make alterations and improvements in the heating system of Building 98 at the Hudson River State Hospital, a facility for the care and safekeeping of the mentally ill. Farrell began its work under the contract in June of 1973 and thereafter continued to perform until February 28, 1975 despite an ongoing dispute between the parties over the presence of the hospital's patients in Farrell's work areas. On this latter date Farrell removed its work force from the job site and discontinued its construction activities, and it then proceeded to institute Action No. 1 herein for breach of contract. The basis for Action No. 1, as alleged in Farrell's complaint, was that Facilities had breached the construction contract by refusing to remove the hospital's patients from Farrell's work areas so that Farrell's employees could safely perform their tasks and its tools, equipment and work would be protected. Following a nonjury trial, the court concluded that Facilities had breached the contract by failing to alleviate the patient interference problem and that, consequently, Farrell was justified in abandoning the project. The court awarded Farrell damages in *quantum meruit* in the amount of $64,401.18 together with costs and interest, and the present cross appeals ensued. With regard

to Action No. 2, this action involves Facilities' suit against Farrell's bonding company, Continental Insurance Company, for damages allegedly sustained as a result of Farrell's premature abandonment of the contract and was tried jointly with the first action. Upon its determination of liability in favor of Farrell in the first action, the court dismissed Facilities' complaint in Action No. 2 on the merits, and Facilities now appeals. Considering these various appeals, we initially find without merit Facilities' contention that Farrell is barred from a recovery in its action for breach of contract because it failed to exhaust its administrative remedies as provided in the disputes resolution clause of the construction contract. Since that clause related specifically to factual disputes arising under the contract, it was inapplicable to Farrell's action which involved not a dispute as to fact, but a question of law, i.e., whether Facilities had breached the contract. As for the court's ultimate findings in Action No. 1 that Facilities had breached the contract and that Farrell was justified in abandoning the contract, these were amply supported by the evidence and should be sustained. Clearly, where the party for whom a contract is being performed obstructs the contractor's efforts and thereby greatly disrupts and frustrates the contractor's operation, such conduct serves to excuse the contractor's nonperformance and constitutes a breach of the parties' agreement (cf. *Kooleraire Serv. & Installation Corp. v Board of Educ.*, 28 NY2d 101; *Savin Bros. v State of New York*, 62 AD2d 511). Moreover, in this instance the contract specifications expressly stated that the patients were to be removed from Farrell's work areas. Nevertheless, the evidence in the record, particularly the largely uncontradicted testimony of witness Francis Farrell, establishes that the patients continually interfered with Farrell's employees and that Facilities allowed the situation to continue and made no meaningful effort to fulfill its contractual obligation in this regard. Under these circumstances, the trial court could only conclude that Facilities had breached the contract and that Farrell's abandonment thereof was warranted, and it is obviously frivolous for Facilities to argue that the mental patients causing the disruptions were independent third parties beyond its control for which it was not responsible (see *Apex Ind. Constr. Corp. v Village of Lake George*, 31 AD2d 670, mot for lv to app den 23 NY2d 647). Similarly, Farrell did not waive Facilities' breach of the contract because it ceased its operations forthwith when it became evident that the situation was not going to be rectified. Such being the case, in Action No. 1 the court properly awarded judgment to Farrell and denied Facilities' counterclaim based upon Farrell's alleged wrongful abandonment of the contract. Relative to Action No. 2, the court likewise properly dismissed the complaint against the bonding company once it had ruled in the first action that Farrell had fully complied with the contract until Facilities' breach excused its obligations thereunder. The language of the performance bond specifically provided that the bonding company's obligations would be null and void under such circumstances. Lastly, we have found nothing in the record to warrant disturbance of the damage award to Farrell in Action No. 1. Having completed about 60% of the project, Farrell was properly awarded damages on a *quantum meruit* basis which, taken together with payments it had received from Facilities, approximated 60% of the total cost of the work to be done, and it cannot receive both a *quantum meruit* award and an award for anticipated profits on the contract *(New Era Homes Corp. v Forster*, 299 NY 303). Moreover, in an action on the contract there would have been no recovery for Farrell because of the high cost of completing the work (see *Alm v Unified Church Structures*, 61 AD2d 886). Action No. 1: Order and judgment affirmed, with

costs to plaintiff. Action No. 2: Order affirmed, with costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.