■ Sciortino & DiPilato Plumbing & Heating, Inc., Appellant, v Rocco Sollecito, Respondent. [730 NYS2d 718] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Friedman, J.), dated April 14, 2000, as, after a nonjury trial, awarded it damages in the principal sum of only $2,521.85.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the provision thereof awarding the plaintiff damages in the principal sum of $2,521.85 is deleted, a provision awarding the plaintiff damages in the principal sum of $8,396.85 is substituted therefor, the provision thereof awarding the defendant a net award of $2,124.96 is deleted, and a provision awarding the plaintiff a net award in the principal sum of $3,750.04 is substituted therefor.

The plaintiff correctly asserts that damages in this case should have been measured by "the contract price, less pay-

ments made and less the cost of completion" (*New Era Homes Corp. v Forster,* 299 NY 303, 307; *see, New Day Bldrs. v SJC Realty,* 219 AD2d 623). The Supreme Court erred in limiting the plaintiff to the amount stated in the mechanics lien. Here, the contract price, less payments made, equaled $5,875. Additionally, the Supreme Court found that the plaintiff supplied extras valued at $2,521.85, such that, before applying the offset for the cost of completion, the plaintiff was owed $8,396.85. Reducing the plaintiff's damages by $4,646.81, the amount the Supreme Court awarded to the defendant on his counterclaim for the reasonable cost to complete the project, entitles the plaintiff to a net award in the principal sum of $3,750.04. Ritter, J. P., S. Miller, Luciano and Crane, JJ., concur.