■ HYDRAULITALL, INC., Respondent, v JONES INLET MARINA, INC., Doing Business as JONES INLET MARINE, Appellant. [899 NYS2d 266]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered June 16, 2008, which, upon denying its motion pursuant to CPLR 4401 (a) for judgment as a matter of law, made at the close of the plaintiff's case, and upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $85,000.

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 4401 (a) for judgment as a matter of law is granted, and the complaint is dismissed.

The parties entered into a contract pursuant to which the plaintiff (hereinafter Hydraulitall) agreed to perform dredging services for the defendant (hereinafter the Marina). The contract provided for a "Contract Sum" of $198,000, with Hydraulitall to receive $15 per cubic yard for any removal of dredge spoils in excess of the first 10,925 cubic yards. The contract further provided for progress payments in accordance with an attached "schedule of values," which was to "allocate the entire Contract Sum among the various portions of the Work." The schedule of values provided for a fixed payment, due upon mobilization, and further for payments in the sum of $13.55 per yard of dredge spoils, up to 10,925 cubic yards, with estimates to be paid bi-weekly.

The contract was not completed. Hydraulitall commenced this action to recover damages for breach of contract or to recover in quantum meruit for services performed. After the close of Hydraulitall's proof at trial, the Marina moved pursuant to CPLR 4401 (a) for judgment as a matter of law, arguing, inter alia, that the contract was for a sum certain, with per-unit charges applicable only to any excess material dredged, and that Hydraulitall failed to submit evidence sufficient to establish damages attributable to an indivisible contract. The Supreme Court denied the motion. After permitting the parties in their summations to dispute the divisibility of the contract, the Supreme Court instructed the jury, in its charge on damages, that the contract was divisible on a per-unit basis. The jury

returned a verdict in favor of Hydraulitall in the principal sum of $85,000. The Marina appeals from the judgment entered upon the verdict, and we reverse.

The Marina's motion for judgment as a matter of law should have been granted, and the complaint should have been dismissed. Even if there were ambiguities in the terms of the contract, Hydraulitall failed to submit evidence sufficient to establish, prima facie, that the parties intended the contract to be divisible on a per-unit basis (*see New Era Homes Corp. v Forster*, 299 NY 303 [1949]; *Barden & Robeson Corp. v Timmerman*, 116 AD2d 814 [1986]; 22 NY Jur 2d, Contracts § 269).

In any event, Hydraulitall failed to submit evidence of damages sufficient to recover even for breach of an indivisible contract. The general measure of damages in an action for breach of a fixed-price construction contract, where full performance of the contract is prevented by the owner, is "the contract price, less payments made and less the cost of completion" (*New Era Homes Corp. v Forster*, 299 NY at 307; *see Sciortino & DiPilato Plumbing & Heating v Sollecito*, 286 AD2d 762 [2001]; *Alm v Unified Church Structures*, 61 AD2d 886 [1978]; 36 NY Jur 2d, Damages §§ 48, 51). Since Hydraulitall failed to submit any evidence concerning the cost it saved by not completing the contract, or its expected profits, the Supreme Court should have granted that branch of the Marina's motion which was for judgment as a matter of law dismissing the breach of contract cause of action, based on Hydraulitall's failure sufficiently to establish damages (*cf. Alm v Unified Church Structures*, 61 AD2d 886 [1978]).

The cause of action seeking recovery in quantum meruit also should have been dismissed inasmuch as "a party may not recover in quantum meruit . . . where the parties have entered into a contract that governs the subject matter" (*Cox v NAP Constr. Co., Inc.*, 10 NY3d 592, 607 [2008]; *see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]). Fisher, J.P., Covello, Santucci and Balkin, JJ., concur.