■ JONES INLET MARINA, INC., Doing Business as JONES INLET MARINE, Appellant, v HYDRAULITALL, INC., et al., Respondents. [901 NYS2d 641]—

In an action to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered June 16, 2008, which, after a nonjury trial, is in favor of the defendants and against it dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is reinstated.

The plaintiff (hereinafter the Marina) commenced this action against the defendants for breach of contract. In a companion action entitled *Hydraulitall, Inc. v Jones Inlet Marina, Inc.*, which was commenced in the Supreme Court, Suffolk County, under index No. 14387/04 (hereinafter action No. 1), and is based upon the same facts as this action, a jury determined that the Marina breached the subject contract, and that Hydraulitall, Inc. (hereinafter Hydraulitall), the defendant in this action, was entitled to damages. The Supreme Court, purportedly relying upon CPLR 4212, treated the jury verdict in action No.1 as an advisory verdict in the instant action, and dismissed the Marina's complaint in the instant action. However, in a companion appeal (*see Hydraulitall, Inc. v Jones Inlet Marina, Inc.*, 71 AD3d 1087 [2010] [decided herewith]), we reversed the judgment entered in action No. 1 based upon our conclusion that the Supreme Court should have granted the Marina's motion, made at the close of Hydraulitall's case, for judgment as a matter of law dismissing the complaint in that action for failure to prove damages (*id.*). Consequently, we reverse the judgment in the instant action and reinstate the Marina's complaint.

CPLR 4212 provides: "Upon the motion of any party as provided in rule 4015 or on its own initiative, the court may submit any issue of fact required to be decided by the court to an advisory jury or, upon a showing of some exceptional condition requiring it or in matters of account, to a referee to report. An order under this rule shall specify the issues to be submitted. The procedures to be followed in the use of an advisory jury shall be the same as those for a jury selected under article forty-one. Where no issues remain to be tried, the court shall render decision directing judgment in the action." The Supreme Court did not follow the procedure outlined in the statute since no order was ever issued and the Supreme Court never specified to the jury the issue to be decided. Instead, after the jury returned its verdict in action No.1, the Supreme Court simply treated that verdict as dispositive of the instant action. This was error.

Moreover, in light of our determination in action No. 1 that the Supreme Court erred in denying the Marina's motion for judgment as a matter of law for Hydraulitall's failure to make out a prima facie case with respect to the issue of damages, it would be incongruous to hold that it was nevertheless proper for the Supreme Court to utilize the verdict in action No. 1 as a basis for the dismissal of the complaint in the instant action, even though the Marina did not expressly challenge, on the companion appeal, the liability determination in action No. 1 that it failed to comply with the terms of the contract. Fisher, J.P., Covello, Santucci and Balkin, JJ., concur.