■ INSPECTRONIC CORPORATION, Respondent, v GOTTLIEB SKANSKA, INC., Appellant. [23 NYS3d 309]—

In an action to recover damages for breach of contract, the defendant appeals from so much of a judgment of the Supreme Court, Nassau County (DeStefano, J.), dated December 2, 2013, as, upon a decision of the same court dated November 11, 2013, made after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $294,852.12, representing damages for lost profits.

Ordered that the judgment is modified, on the facts, by reducing the principal sum of the award representing damages for lost profits to $293,649.12; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.

On appeal from a judgment entered after a nonjury trial, this Court "may render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial

judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128, 133-134 [1930]; *see Riverside Capital Advisors, Inc. v First Secured Capital Corp.*, 28 AD3d 452, 454 [2006]; *DiBruno v Abrams*, 208 AD2d 672, 674 [1994]).

This action arises out of a subcontract between the parties pursuant to which the plaintiff was to perform certain diving and underwater services consisting of seven "scope of work" items. The plaintiff had completed three of those items when the defendant terminated the subcontract and entered into a subcontract with another company to complete the remaining work items. The plaintiff thereafter commenced this action, inter alia, to recover damages for breach of contract. After a nonjury trial, the Supreme Court, among other things, found that the plaintiff was wrongfully terminated. A judgment was subsequently entered which, inter alia, was in favor of the plaintiff and against the defendant in the principal sum of $294,852.12, representing damages for lost profits, plus $10,000 in retainage. At issue here are the damages awarded for lost profits, which were based on the unfinished items for which a lump sum contract price would have been paid pursuant to the subcontract, and those incurred in connection with change order work, which would have been paid on a time and materials basis.

"A party may not recover damages for lost profits unless they were within the contemplation of the parties at the time the contract was entered into and are capable of measurement with reasonable certainty. The rule that damages must be within the contemplation of the parties is a rule of foreseeability. The party breaching the contract is liable for those risks foreseen or which should have been foreseen at the time the contract was made" (*Ashland Mgt. v Janien*, 82 NY2d 395, 403 [1993]). For damages to be "reasonably certain, does not require absolute certainty. Damages resulting from the loss of future profits are often an approximation. The law does not require that they be determined with mathematical precision. It requires only that damages be capable of measurement based upon known reliable factors without undue speculation" (*id.*).

Here, contrary to the defendant's contention, the evidence established that, at the time the parties entered into the subcontract, they anticipated that there would be dive-related change orders, and that all such change order work would be performed by the plaintiff. The evidence thus established that damages for the loss of such profits "were within the contempla-

tion of the parties at the time the contract was entered into," and were a risk "foreseen or which should have been foreseen at the time the [subcontract] was made" (*id.*). As to the requirement that damages for future lost profits be "capable of measurement based upon known reliable factors without undue speculation" (*id.*), the undisputed evidence of the actual amount paid to the plaintiff's successor for change order work provided an exact number for the loss of those profits, without the need for any speculation.

As to the claim for lost profits in connection with completion of the four remaining base work items, "[t]he general measure of damages in an action for breach of a fixed-price construction contract, where full performance of the contract is prevented by the owner, is 'the contract price, less payments made and less the cost of completion' " (*Hydraulitall, Inc. v Jones Inlet Mar., Inc.*, 71 AD3d 1087, 1089 [2010], quoting *New Era Homes Corp. v Forster*, 299 NY 303, 307 [1949]; *see Sciortino & DiPilato Plumbing & Heating v Sollecito*, 286 AD2d 762 [2001]; *Alm v Unified Church Structures*, 61 AD2d 886 [1978]). Here, as the parties agree as to the contract price for the remaining base work items, the sole variable is the calculation of the costs to be subtracted from the contract price. Contrary to the defendant's contention, the projected lost profits and costs submitted by the plaintiff were sufficiently supported by the evidence to establish the plaintiff's entitlement to damages in connection with the four base work items. While there is no merit to the defendant's arguments regarding the general reliability of the projections, we agree that the Supreme Court erred in failing to account for the cost of materials that would have been incurred had the plaintiff completed the job. As the testimony of the plaintiff's owner established that the fuel necessary to transport people and equipment would have cost him approximately a half of a percent of the price of the job, that amount should have been subtracted from the damages for lost profits award. Dillon, J.P., Hall, Cohen and Barros, JJ., concur.