■ SALLIE MASSIE, Appellant, v DAVID B. CRAWFORD, JR., M.D., Respondent, et al., Defendant. [734 NYS2d 40] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered on or about September 5, 2000, which, in an action for medical malpractice, insofar as appealed from, denied plaintiff's motion to vacate a stipulation of settlement calling for arbitration of the dispute and to restore the action to the trial calendar, and order, same court and Justice, entered on or about July 23, 2001, which, insofar as appealable, denied plaintiff's motion to renew the motion to restore, unanimously affirmed, without costs.

We find that no question of fact exists as to whether plaintiff's attorney had apparent authority to settle the action. The attorney, who had been representing plaintiff for some two years as "of counsel" to plaintiff's attorney of record and was authorized to discuss settlement proposals, proposed the settlement by way of a fax addressed to defendant's attorney, with copies shown as sent to plaintiff and to plaintiff's attorney of record, stating that the attorney had received plaintiff's authorization for the proposal. There is no proof that plaintiff ever communicated her objections to defendant's attorney. These circumstances permitted defendant's attorney to reasonably believe that plaintiff's attorney possessed the authority to enter into the settlement (*see, Hallock v State of New York,* 64 NY2d 224, 231). The signed agreement is substantially the same as the earlier, unsigned fax sent to plaintiff. The terms of the settlement did not need to be stated in open court in order to be enforceable (*cf., id.* at 230).

Plaintiff's motion to renew was properly denied. Paragraph 1 of the Arbitration Agreement provides that "[t]his lawsuit will be resolved by binding arbitration." The new fact offered, namely, the existence of paragraph 11 of the Arbitration Agreement, which provides that "should the arbitration process, for any reason fail to be concluded, the case may be restored to the court's calendar on 30 days notice," could have been made

known to the court on the original motion (CPLR 2221 [e] [3]). Nevertheless, the result would have been the same if paragraph 11 had been considered (CPLR 2221 [e] [2]). Plaintiff could not simply unilaterally decide that she no longer wanted the very relief to which she had apparently agreed (*cf.*, *Dalton v Educational Testing Serv.*, 87 NY2d 384, 389). Plaintiff's argument that the Arbitration Agreement is ambiguous is not preserved, having been raised for the first time on appeal. In any event, paragraph 11 does not conflict with paragraph 1 of the Arbitration Agreement. Concur—Rosenberger, J. P., Williams, Tom, Ellerin and Buckley, JJ.