■ Gus D. Plakas et al., Respondents, v Angel Aerial Corp. et al., Appellants. [849 NYS2d 631]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated December 18, 2006, as, upon renewal, adhered to its original determination in an order dated July 13, 2006, granting the plaintiffs' motion pursuant to CPLR article 75 to permanently stay arbitration.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon renewal, the order dated July 13, 2006 is vacated, the motion to permanently stay arbitration is denied, and the parties are directed to proceed to arbitration.

While this action was pending, the plaintiffs and the defendants entered into a written agreement to arbitrate the claims which are the subject of this lawsuit. However, the plaintiffs subsequently moved to permanently stay the arbitration. Contrary to the plaintiffs' contention, the plaintiffs could not unilaterally decide that they no longer wanted the very relief to which they agreed simply because the arbitration agreement contained a boilerplate provision applicable to all cases which required the payment of administrative fees to the arbitrator upon the parties' adjournment or cancellation of the arbitration (see Massie v Crawford, 289 AD2d 66, 67 [2001]). Additionally, paragraph (iv) of the agreement, which requires the discontinuance of all pending litigation upon the arbitrator's determination, did not negate or modify paragraph (iii) of the agreement binding the parties to the arbitrator's decision (id.). Accordingly, upon renewal, the Supreme Court erred in adhering to its original determination granting the plaintiffs' motion to permanently stay the arbitration of the issues of liability and damages pursuant to the written arbitration agreement of the parties.

The plaintiffs' remaining contention is without merit. Mastro, J.P., Fisher, Carni and McCarthy, JJ., concur.