Old House Lane, LLC v Silverstein Contr. & Dev. Corp. (2021 NY Slip Op 00027)





Old House Lane, LLC v Silverstein Contr. & Dev. Corp.


2021 NY Slip Op 00027


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Renwick, J.P., Gische, Kern, Oing, Mendez, JJ. 


Index No. 654298/13 Appeal No. 12764 Case No. 2019-03273 

[*1]Old House Lane, LLC, Plaintiff-Appellant,
v
Silverstein Contracting & Development Corp., Defendant-Respondent.


Tashlik Goldwyn Levy LLP, Great Neck (Jeffrey N. Levy of counsel), for appellant.
Canfield Ruggiero LLP, Garden City (John P. Ruggiero of counsel), for respondent.



Judgment, Supreme Court, New York County (Carol Edmead, J.), entered May 7, 2019, after a nonjury trial, awarding defendant damages on its counterclaim for breach of contract, unanimously affirmed, with costs.
Plaintiff argues that it should have been awarded a full refund of the sum it paid to defendant for its services as a construction manager because defendant left the project before it was complete, and the parties' contract was indivisible. This argument, which is inconsistent with plaintiff's claim at trial, is raised for the first time on appeal and therefore is unpreserved for appellate review (see Massie v Crawford, 289 AD2d 66, 67 [1st Dept 2001], lv denied 98 NY2d 693 [2002]). In any event, defendant is entitled to recover for the value of services it provided (see New Era Homes Corp. v Forster, 299 NY 303, 306 [1949]), as plaintiff recognized at trial when it contended that defendant was entitled to receive a portion of its fee proportionate to the amount of the project that was completed. The trial court determined that defendant was entitled to compensation for the services it provided and that fair compensation for those services was the monthly payments that the parties agreed to in the contract, modified downward as the project was delayed (see United Bldg. Maintenance Assoc., Inc. v 510 Fifth Ave. LLC, 18 AD3d 333 [1st Dept 2005]). This determination rests on a fair interpretation of the trial evidence (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021